**DELTA STEAMSHIP LINES, INC.**

v.

**NATIONAL MARITIME UNION OF AMERICA, AFL–CIO.**

Civ. A. No. 13586.

United States District Court
E. D. Louisiana,
New Orleans Division.
March 15, 1967.

Terriberry, Rault, Carroll, Yancey & Farrell, New Orleans, La., for plaintiff.

Mandell & Wright, Houston, Tex., Kierr & Gainsburgh, New Orleans, La., for defendant.

## ORDER RELATIVE TO DISCOVERY

RUBIN, District Judge.

Plaintiff seeks damages for an alleged unlawful secondary boycott. It claims to have suffered damages and includes as an item of damages the loss of profits from shippers who would otherwise have used its lines. The defendant seeks to compel the plaintiff to produce documents containing the names of the shippers and consignees of merchandise whose business the plaintiff claims to have lost, and also seeks to compel one of plaintiff's officers to answer questions put to him in a deposition under oral examination touching the same matters. The plaintiff urges that the materials sought by the motion are privileged under the Shipping Act of 1916, as amended October 3, 1961, Public Law 87–346, Section 5, 46 U.S.C.A. § 819.

That portion of the Shipping Act of 1916, as amended, relied upon by the plaintiff, provides:

"It shall be unlawful for any common carrier by water * * * or employee of such carrier * * * knowingly to disclose to or permit to be acquired by any person other than the shipper or consignee, without the consent of such shipper or consignee, any information concerning the nature, kind, quantity, destination, consignee or routing of any property tendered or delivered to such common carrier * * * subject to this chapter for transportation in interstate or foreign commerce, which information may be used to the detriment or prejudice of such shipper or consignee, or which may improperly disclose his business transactions to a competitor, or which may be used to the detriment or prejudice of any carrier; and it shall also be unlawful for any person to solicit or knowingly receive any such information which may be so used.

"Nothing in this chapter shall be construed to prevent the giving of such information in response to any legal process issued under the authority of any court, or to any officer or agent of the Government of the United States, or of any State, Territory, District or possession thereof, in the exercise of his powers * * *."

The plaintiff urges that this statute prevents it from furnishing the information sought by the defendant, that the documents sought by the defendant are privileged, and that the motion is premature because the Court has already entered an order separating the issue of liability from the issue of damages and ordering a separate trial of the issue of damages.

Rule 34 of the Federal Rules of Civil Procedure extends to any document "not privileged" which constitutes or contains evidence within the scope of the examination permitted by discovery procedures. Similarly, Rule 26(b) provides that a deponent may be examined regarding any matter, "not privileged, which is relevant to the subject matter involved in the pending action * * *." Rule 37(a) deals with the procedure for compelling a deponent to answer a question that he has refused to answer. The criteria governing whether or not a document or matter is "not privileged" should be the same under Rules 26 and 34.

■ It is apparent that Section 5 of the Shipping Act of 1916, as amended, does not prevent Delta Steamship Lines from furnishing the information desired if it does so in response to an order of this Court. Nor does the statute create a privilege. The term "not privileged" as used in both Rule 26 and 34 refers to a "privilege" as that term is used in the law of evidence. U. S. v. Reynolds, 1953, 345 U.S. 1, 6, 73 S.Ct. 528, 531, 97 L.Ed. 727. See also Advisory Committee Note, Report of Proposed Amendments, Rule 30 (not adopted by the Supreme Court), Volume 3a, Barron & Holtzoff, Federal Practice and Procedure, page 529.

■■ The party claiming a privilege has the burden of establishing its existence. Barron & Holtzoff, Volume 2a, § 651, page 104. The Shipping Act of 1916 obviously does not create a privilege in the traditional sense. While it prohibits disclosure of certain information by the shipping lines, it negates the idea that it creates a privilege because it permits disclosure in response to a court order regardless of the lack of consent of the shipper.

There appear to have been no decisions interpreting this section of the Shipping Act of 1916 but it is almost identical in its terms to a portion of the Interstate Commerce Act, 49 U.S.C.A. § 15 (11). When a similar claim was urged under that act, the Court of Appeals for the Fifth Circuit held in D. G. Bland Lumber Co. v. National Labor Relations Board, 1949, 5 Cir., 177 F.2d 555, that disclosure should be required, saying:

" * * * It is true that the section does forbid carriers from disclosing information concerning the nature, kind, quantity, destination, consignment, or routing of property tendered or delivered to them for interstate transportation; but the section goes on expressly to provide that nothing in the chapter shall be construed to prevent the giving of such information in response to any legal process issued under authority of any state or federal court, or to any officer or agent of the Government of the United States or of any state or territory, in the exercise of its power. The Railway Company here is being required by legal process, under authority of the federal court, to furnish evidence to an agency of the United States. The documents demanded are not the property of the appellant, but belong to the Railway Company. There is not such a confidential relationship between appellant and the Railway Company as exists between priest and penitent, lawyer and client, or doctor and patient, so as to make the evidence privileged. The disclosure sought is a lawful one, and the Interstate Commerce Act does not forbid production of the evidence."

Of course, there are distinctions between the situation here and the one presented in the D. G. Bland Lumber Co. case, but the interpretation of the statute there involved indicates the result that should be reached here.

■■ There is no reason to postpone discovery of the information sought until after the trial on the issue of liability. If liability is found to exist, the trial on the question of damages will follow in a relatively short time. The whole purpose of discovery is to prepare for trial in advance. Since a trial date has been set for determination of the amount of damages, in the event it should be determined that any damages are due, it appears appropriate for counsel to proceed with discovery relative to the issue

regarding the amount of damages without delay.

Therefore, the motion of the defendant is granted, and the plaintiff is ordered, within sixty days:

(1) To produce, and deliver to the defendant's attorneys or to make available to the defendant's attorneys for examination and copying, the documents sought in the motion.

(2) To permit its officer, Captain John W. Clark, to answer the questions propounded to him during the depositions taken on December 28, 1966 and January 7, 1967.