**Arthur CONNELL et ux., Plaintiffs,**

v.

**WASHINGTON HOSPITAL CENTER,**
**Defendant.**

**Lula O. BUTLER, Plaintiff,**

v.

**Jack E. WHITE, M.D., et al., Defendants.**

**Civ. A. Nos. 2411-69, 734-69.**

United States District Court,
D. Columbia.

Oct. 5, 1970.

Robert J. Stanford, Stanford & Reed, Washington, D. C., for Arthur Connell, and wife.

James P. Donovan, Jack H. Olender, Washington, D. C., for Lula O. White.

J. Harry Welch, Welch, Daily & Welch, Washington, D. C., for Jack E. White, and others.

John Laskey, Jackson, Gray & Laskey, Washington, D. C., for Washington Hospital Center.

## MEMORANDUM

GESELL, District Judge.

Counsel for the Washington Hospital Center in these cases raises an issue which is apparently of general concern to several hospitals in this area. It frequently becomes necessary for counsel representing patients in suits claiming negligence on the part of a hospital to seek information from other patients who may have observed an incident, contracted an infection, or been treated for a condition similar to plaintiff's at the same time as the alleged negligent acts. The names of these patients are usually unknown to plaintiff, and discovery is sought from the hospital. The hospital's concern in these cases is not the effect of disclosure on the lawsuit, but a natural concern that disclosure may in some way infringe a right of privacy which patients not a party to the litigation may have. The hospital's concern is perhaps better understood when it is recognized that in a given case disclosure of the patient's name may incidentally or ultimately lead to a disclosure that the patient had a social disease, received psychiatric care, was treated for a sexual aberration, etc. The hospital asks the Court to assist in suggesting a procedure that will not interfere with proper discovery but will protect whatever rights to privacy may exist in patients whose names are subject to discovery.

It is a simple matter to require that in these situations no information as to the nature of the patient's illness or the history of his case should be disclosed by the hospital in any interrogatory or deposition without court order, but this rule does not avoid disclosure of the patient's name, i. e., the fact that he was in the hospital, without the patient's consent. There is an obvious need in certain cases to determine whether other

patients have testimonial knowledge, and this cannot be met without allowing plaintiff to question them. Unless the hospital is compelled to provide patient names, it occupies a preferred position with respect to the lawsuit, for by informal means it can use its own records to locate witnesses favorable to its side of the controversy. It is thus manifest that, in the absence of a right to privacy which protects hospital patients from disclosure of their names without consent, such names must be produced where there is reason to believe that the patients possess information relevant to the lawsuit.

 It is settled that a common-law right of privacy exists in the District of Columbia. Afro-American Publishing Co. v. Jaffe, 125 U.S.App.D.C. 70, 366 F.2d 649, 653 (1966). Neither the Court nor counsel has found any case, in the District of Columbia or otherwise, which speaks directly to the point at issue in this case. The original Restatement of Torts stated the right of privacy broadly, but the Reporters of the Restatement of Torts Second recommend that the right be stated in more specific rules, of which only one is relevant here:

> "One who gives publicity to matters concerning the private life of another, of a kind highly offensive to a reasonable man, is subject to liability to the other for invasion of privacy." Restatement of Torts Second, § 625D (tentative draft No. 13, April 27, 1967).

The Court is unwilling to say that a hospital's disclosure of names of former patients would never give rise to a cause of action under the theory of the Restatement. *See* Pyramid Life Ins. Co. v. Masonic Hospital, 191 F.Supp. 51, 53 (D.Okl.1961) (dictum). Where the names of patients are disclosed in connection with proper discovery in a lawsuit, however, such disclosure is protected by an absolute privilege. *See* Application of Tiene, 19 N.J. 149, 115 A.2d 543 (1955). Hospital records are required to be kept by Title 8 of the Health Regulations of the District of Columbia. Although this does not make them matters of public record, it has been held that information kept by requirement of law may be inspected by any person with an interest sufficient to maintain an action in which the record sought would furnish evidence. Bishop Clarkson Memorial Hospital v. Reserve Life Insurance Co., 350 F.2d 1006 (8th Cir. 1965).

 The fact that a hospital is privileged to disclose the names of its patients in connection with pending litigation does not, however, mean that no precautions need be taken to protect legitimate interests of those patients in freedom from public disclosure of essentially private matters. Though the hospital in these cases must produce the names requested by plaintiffs, no other patient records are to be disclosed without prior order of the Court. Nothing in this opinion is intended to discourage the hospital, as a matter of its own public relations, from making a written explanation to the patients involved.

The objections of defendant Washington Hospital Center to interrogatories filed in these two cases are denied.