**LINCOLN AMERICAN CORPORATION,**
**Plaintiff,**

v.

**W. J. BRYDEN, Jr., et al., Defendants.**

**Civ. No. W–5038.**

United States District Court,
D. Kansas.

Oct. 18, 1973.

Robert N. Partridge, of Foulston, Siefkin, Powers & Eberhardt, Wichita, Kan., for plaintiff.

James R. Ward, Topeka, Kan., Herbert A. Marshall, of Marshall Hawks, McKinney & Hendrix, Topeka, Kan., John R. Bancroft, of Morrison, Hecker, Curtis, Kuder & Parrish, Kansas City, Mo., James W. Porter, of Eidson, Lewis Porter & Haynes, Topeka, Kan., R. M. Bunten, for defendants.

### MEMORANDUM AND ORDER

THEIS, District Judge.

Each of the captioned actions relates to a tender offer and attempted take-over of the Victory Life Insurance Company by Lincoln American Corporation on or about November 22, 1972. The two principal plaintiffs, Lincoln American Corporation and Colemann Investment Company, brought actions against Victory Life Insurance Company, its directors and officers (hereinafter referred to collectively as "defendants"), claiming that they had engaged in fraudulent, manipulative and deceptive acts in violation of the Securities and Exchange Act of 1934 in an attempt to thwart the take-over and maintain control of the majority stock. On September 25, 1973, the United States Magistrate ordered the defendants to comply with certain discovery requests made pursuant to Rule 26(b) of the Federal Rules of Civil Procedure. The defendants took exception to the Magistrate's ruling and sought review in this court. After hearing oral argument and being fully advised in this matter, the Court makes the following findings and orders.

Through the use of interrogatories and requests for production of documents in the defendants' possession, pursuant to Rules 34 and 26(b), F.R.Civ.P., the plaintiffs sought to discover the names and addresses of Victory Life Insurance stockholders with whom any of the defendants or their agents had oral or written contact during the period commencing April 10, 1969, insofar as such information did not require the disclosure of Victory's stockholder list and records specifically protected by K. S.A. §§ 40–2105 and 2106. Although the defendants provided the plaintiffs with xerox copies of such correspondence, they defaced each letter in such a manner so as to conceal the names and addresses of the respective correspondents. The plaintiffs thereafter sought and obtained an order of the Magistrate compelling compliance with their requests and directing the defendants to permit inspection and copying of the original copies of such correspondence encompassed by plaintiffs' discovery motion. The Magistrate did, however, limit the scope of plaintiffs' requests so as to ex-

clude general mailings sent to all stockholders.

· The defendants contend that the Magistrate's ruling has the effect of nullifying the clear intent of the Kansas Legislature embodied in K.S.A. § 40–2106, which provides that stockholder lists of insurance companies are not to be disclosed unless and until the Commissioner of Insurance has, upon verified application and hearing, determined that there is reasonable cause to believe that the officers of a particular company have mismanaged the affairs of the company. Defendants maintain that this statute makes stockholders' lists privileged information, and that they were therefore justified in refusing to disclose the information sought by the plaintiffs in accordance with Rules 34 and 26, which limit the scope of discovery to non-privileged matters. The Court cannot agree with the defendants' position.

■ Rule 34, F.R.C.P., contains three limitations on the grant of an order to produce: (1) the items must be specifically designated; (2) they must be relevant within the meaning of Rule 26(b), that is, contain evidence or be reasonably likely to lead to the discovery of evidence; and (3) the party seeking production must establish good cause. Assuming that these limitations have been met, all information that is not privileged, is discoverable.

There is no doubt but that the information sought by the plaintiffs has been sufficiently identified; that it is relevant to the subject matter involved in the pending action; and that good cause has been shown for its production. The plaintiffs are claiming that the defendants engaged in fraudulent and deceptive acts in violation of the Securities Exchange Act of 1934 in order to thwart an attempted minority take-over and maintain control of the majority stock. Plaintiff Colemann Investment Company seeks to represent the class of stockholders injured by the defendants' actions. Accordingly, the names and addresses of those stockholders receiving correspon-dence from the defendants relating to the issues involved in this litigation are essential for ascertaining the truth, adequate preparation of the plaintiffs' case, and proof one way or another upon the trial. The information sought by the plaintiffs is therefore discoverable unless protected by an established statutory or common law privilege.

■■ The term "not privileged," as used in Rules 34 and 26(b), F.R.C.P., refers to a "privilege" as that term is used in the law of evidence. United States v. Reynolds, 345 U.S. 1, 6, 73 S. Ct. 528, 531, 97 L.Ed. 727 (1953). A privilege thus exists or not according to common acceptations in the law of evidence, and immunity from production based on privilege is neither broader nor narrower than it would be in the normal trial context. See Rosenblatt v. Northwest Airlines, Inc., 54 F.R.D. 21, 22 (S. D.N.Y.1971); Alseike v. Miller, 196 Kan. 547, 558, 412 P.2d 1007 (1966); 4 Moore, Federal Practice ¶ 26.22 at 1281 (1963 ed.). The disclosure of information at the discovery stage of litigation which would be inadmissible at trial due to the existence of a testimonial or evidentiary privilege created by statute or common law is accordingly not permitted, assuming the party intended to be protected asserts the privilege at the appropriate time and satisfies his burden of establishing its existence. Barron & Holtzoff, Vol. 2a, § 651, p. 104.

■■ The privileges contemplated by Rules 34 and 26(b) are those such as the husband-wife, physician-patient, or attorney-client privileges—privileges specifically recognized by state law. Cf. Delta Steamship Lines, Inc. v. National Maritime Union, 265 F.Supp. 654 (E.D. La.1967). Although K.S.A. §§ 40–2105, 2106 clearly reflect a legislative policy favoring confidentiality of stockholder lists and records of Kansas insurance companies and prohibiting the general disclosure of such information except under certain limited circumstances, they simply do not give such information privileged status in the sense contemplated by the Federal Rules of Civil Pro-

cedure. Since the Court has been unable to discern any other statutory or common law basis for affording privileged status to the information sought by the plaintiffs, it must accordingly deny the existence of the privilege urged by the defendants.

 In holding that the claim asserted by the defendants does not rise to the dignity of a privilege guarded sensitively by law, however, the Court does not intend to imply that such information is therefore automatically discoverable whenever a suit is filed by or on behalf of a company's stockholders. Under its broad discretionary powers vested by Rule 26(c), F.R.C.P., the Court is permitted to enter protective orders restricting the scope of otherwise permissible discovery when, in its judgment and upon a showing of good cause, it appears that confidential relationships or established principles of public policy might be unnecessarily compromised. See Carr v. Monroe Manufacturing Company, 431 F.2d 384 (5th Cir. 1970); Connell v. Washington Hospital Center, 50 F.R.D. 360 (D.C.1970); Russ Stonier, Inc. v. Droz Wood Company, 52 F.R.D. 232 (E.D.Pa.1971). Such protective power may be used to strike a fair balance of competing interests or to prevent annoyance, undue expense, embarrassment or oppression.

In this case there are two competing interests: (1) the plaintiffs' desire to obtain all information necessary to the prosecution of their claims; and (2) as previously alluded to, the public policy of the State of Kansas as embodied in K.S.A. §§ 40-2105 and 2106 favoring confidentiality of stockholder lists and records. The Magistrate weighed these competing considerations and found the plaintiffs' interest controlling in light of the limited scope of the discovery requests, although he did restrict the scope of those requests in deference to the Kansas policy. This Court agrees with the Magistrate's ruling.

The plaintiffs are not going on a fishing expedition or seeking the indiscriminate disclosure of Victory's stockholder list. Quite to the contrary, they are only seeking the names and addresses of approximately 150 present and former stockholders out of a total of 3500. Each of these stockholders received correspondence from the defendants relating to the precise issues framed by the plaintiffs' pleadings. In light of the limited scope of the plaintiffs' discovery requests, coupled with a convincing demonstration of relevancy and good cause, the Court has no alternative but to affirm the Magistrate's order compelling the defendants' compliance with plaintiffs' requests.

It is therefore ordered that the defendants' motion to set aside the ruling of the Magistrate be, and the same is hereby, overruled and denied.