542 F.2d 474
 Mildred BLACKLEDGE, Administratrix of the Estates of Barbara
A. Blackledge, Brian E. Blackledge, and Dennis D.
Blackledge, Deceased, and guardian of
Dennis E. Blackledge, minor, Appellant,
v.
MARTIN K. EBY CONSTRUCTION CO., INC., a corporation, Appellee.
 Nos. 76-1210 to 76-1213.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Sept. 20, 1976.
Decided Sept. 28, 1976.
 
 Philip M. Kneifl and Charles O. Forrest, Kneifl, Kneifl & Forrest, Omaha, Neb., for appellant.
 Thomas J. Walsh, Walsh, Walentine & Miles, Omaha, Neb., for appellee.
 Before LAY, ROSS and WEBSTER, Circuit Judges.
 PER CURIAM.
 
 
 1
 These consolidated appeals, brought by Mildred Blackledge, plaintiff below, arise out of four consolidated diversity actions seeking damages for wrongful death and personal injuries. In each case, judgment was entered upon a jury verdict in favor of the defendant, Martin K. Eby Construction Co. We affirm.
 
 
 2
 In the early morning hours of June 8, 1974, an automobile driven by Dennis D. Blackledge plunged into an excavation and overturned. The excavation, which had been dug by the Eby Construction Co., encompassed a portion of the usual driving surface of Abbot Drive in Douglas County, Nebraska. A detour had been constructed, directing traffic around the excavation. Riding in the car at the time of the accident were Blackledge's wife, his two sons, and one Kevin O'Connor. The party had been attending a drive-in movie. All of the occupants of the vehicle were killed with the exception of one of the Blackledge sons, who was injured.
 
 
 3
 As guardian of the surviving Blackledge son and administratrix of the estates of the three deceased Blackledges, Mildred Blackledge commenced four diversity actions against the Eby Construction Co., seeking damages for wrongful death and personal injuries. The asserted basis for recovery in all four actions was negligence.
 
 
 4
 Trial was had to a jury beginning on January 27, 1976. Verdicts were returned in favor of Eby in all four cases and judgments were entered accordingly. Mildred Blackledge appealed. The sole contention raised on appeal is that the district court erred in admitting, over appellant's objection, medical testimony relating to the alcohol content of Dennis Blackledge's blood at the time of the accident. The testimony indicated that Blackledge's blood contained 0.17% alcohol, and that such a concentration would likely impair one's driving ability. Appellant contends that certain Nebraska statutes render such evidence inadmissible.
 
 
 5
 The statutory provisions upon which appellant relies are Neb.Rev.Stat. §§ 39-6,104.06; 39-6,104.07; and 39-6,104.10 (1974 Cum.Supp.). Section 39-6,104.06 provides:
 
 
 6
 Any coroner or other official performing the duties of coroner shall report in writing to the Department of Motor Vehicles the death of any person within his jurisdiction as the result of an accident involving a motor vehicle and the circumstances of such accident. Such report by the coroner shall be made within ten days after such death.
 
 Section 39-6,104.07 provides:
 
 7
 In the case of a driver who dies within four hours after being in a motor vehicle accident, and of a pedestrian sixteen years of age or older who dies within four hours after being struck by a motor vehicle, the coroner or other official performing the duties of coroner shall examine the body and cause such tests to be made as are necessary to determine the presence and percentage concentration of alcohol or drugs therein. Such information shall be included in each report submitted pursuant to the provisions of sections 39-6,104.06 to 39-6,104.12 and shall be tabulated on a monthly basis by the Department of Motor Vehicles. Such information shall be used only for statistical purposes which do not reveal the identity of the deceased.
 
 Finally, Section 39-6,104.10 provides:
 
 8
 No report or any statement contained therein submitted pursuant to sections 39-6,104.06 to 39-6,104.12 or any part thereof shall be made available for any purpose in any trial arising out of the accident involved unless necessary solely to prove compliance with sections 39-6,104.06 to 39-6,104.12.
 
 
 9
 These provisions became effective on July 12, 1974, subsequent to the date of the accident, but prior to the commencement of trial.
 
 
 10
 Appellant contends that these provisions, particularly § 39-6,104.10, render the testimony regarding Dennis Blackledge's blood alcohol content inadmissible. She acknowledges that the statutes were not in force at the time of the accident, but argues that they are procedural in nature and, therefore, should be applied here since they were in effect at the time of trial.[1]
 
 
 11
 We cannot agree that the statutes relied on by appellant required the exclusion of the testimony here in question. Those statutes do not declare all evidence as to a deceased driver's blood alcohol content to be inadmissible in a judicial proceeding. Rather, they merely provide that when a motor vehicle accident results in death, the coroner shall submit a report to the Department of Motor Vehicles; that when the driver is killed, the coroner shall examine the body for the presence of alcohol or drugs and include his findings thereon in his report; and that no part of the report may be used in ensuing court proceedings. In the instant case, the accident and resulting autopsy occurred prior to the effective date of the statutes. It does not appear that any report of the type contemplated by the statutes was submitted to the Department of Motor Vehicles. The analysis of Blackledge's blood alcohol content was made in the ordinary course of an autopsy ordered by the Acting Coroner of Douglas County and not for purposes of any report to be submitted to the Department of Motor Vehicles. The doctor who testified as to Blackledge's blood alcohol content did so from his original notes compiled at the time of the autopsy. No report of any kind was introduced into evidence. On this basis, we hold that the evidence here in question did not represent information compiled in accordance with the statutory scheme relied on by appellant, and that it was, therefore, not rendered inadmissible by those provisions.
 
 
 12
 The judgments of the district court are affirmed.
 
 
 
 [1]
 Privileges created by state law are, of course, applicable in a diversity action. See Rule 501, Federal Rules of Evidence