REQUESTED BY: Don Wesely Member of the Legislature State Capitol Building Lincoln, Nebraska 68509
Dear Senator Wesely:
You pose three questions concerning the confidentiality of tests required to determine the alcohol and drug levels in the deceased (or surviving) driver or pedestrian in the event of a fatal accident.
First, you ask if the provisions in Neb.Rev.Stat. §§39-6,104.07 and 39-6,104.08 (Reissue 1978), which state, `Such information shall be used only for statistical purposes which do not reveal the identity of the deceased' (or `. . . surviving drivers or pedestrians') apply to state, county and local officials, who have access to or are required to report such information, as well as to the Department of Motor Vehicles? It is our opinion that the answer to this question is yes. The provisions apply to state, county and local officials, as well as to the Department of Motor Vehicles.
The Nebraska statutes provide that `the coroner or other official performing the duties of the coroner, shall examine the body and cause such tests to be made as are necessary to determine the presence and percentage concentration of alcohol or drugs therein.' The statutes further provide that `such information shall be included in each report submitted . . . to the Department of Motor Vehicles.
`Such information shall be used only for statistical purposes which do not reveal the identity of the deceased.' Neb.Rev.Stat. § 39-6,104.07 (Reissue 1978). Neb.Rev.Stat.39-6,104.08 (Reissue 1978) goes on to limit the use of information to statistical purposes for surviving drivers or surviving pedestrians involved in fatal accidents. This information is also restricted and may only be used for statistical purposes which do not reveal the identity of the surviving drivers or surviving pedestrians.
The above statutory language mandates that the information required to be submitted to the Department of Motor Vehicles is to be used for statistical purposes only. The statutes do not distinguish between the use of that information by the Department of Motor Vehicles and other state or local officials. As such, the use of this information is limited to the statistical purposes set out by the statutes.
Should local or state officials desire to release information concerning the presence and percentage concentration of alcohol or drugs related to fatal motor vehicle accidents, those officials must request a separate test be conducted.
The court in Blackledge v. Martin K. Eby ConstructionCo., Inc., 542 F.2d 474 (1976), held these statutes:
 ". . . merely provide that when a motor vehicle accident results in death, the coroner shall submit a report to the Department of Motor Vehicles; that when the driver is killed, the coroner shall examine the body for the presence of alcohol or drugs and include his findings thereon in his report; and that no part of the report may be used in ensuing court proceedings."
By combining the reasoning set forth in Blackledge, with the clear language of the statutes, we are able to arrive at the conclusion that the statutory restrictions apply to state, county and local officials, as well as to the Department of Motor Vehicles.
Furthermore, the legislative history indicates that the statistical information, whether obtained or analyzed by the coroner, physician or the Department of Health, was intended to be used solely for statistical purposes.
The legislature intended to provide a method whereby the information submitted in the report to the Department of Motor Vehicles would be accurate, while at the same time relieving the coroner, physician or individuals working for the Department of Health from any fear of being drawn into subsequent litigation. LB 66 (1974) Committee on Agriculture and Environment, Page 9.
It has also been the policy of this office to quash any subpoenas issued upon the Department of Health or employees thereof, seeking to obtain testimony or evidence regarding the statistical information protected by the provisions of Neb.Rev.Stat. §§ 39-6,104.07 and 39-6,104.08 (Reissue 1978). The provisions of these statutes apply to the other state, county and local officials used to compile the information submitted in the report to the Department of Motor Vehicles.
Secondly, you ask if there are any legal or constitutional problems in eliminating the provisions restricting the use of such information to statistical purposes from the statutes. As previously indicated in the foregoing paragraphs, the elimination of such restrictions could have wide spread legal ramifications. The physicians, coroners and employees of the Department of Health will become subject to extensive civil litigation regarding wrongful death and accident cases. Their testimony regarding the presence of alcohol or drugs in fatal accidents will be sought after by attorneys desiring to use this evidence as part of their cases.
Thirdly, you ask if the removal of the restrictions on the use of drug and alcohol information presently required under Neb.Rev.Stat. §§ 39-6,104.07 and 39-6,104.08 Reissue 1978) will make this information subject to Nebraska's Public Records Law? It is our opinion that the answer to this question is yes. This information will not be considered to be protected by the Public Record Act as defined in Neb.Rev.Stat. § 84-712 (Reissue 1981). Thus, the Department of Motor Vehicles, would be required to release this information upon request. In addition, employees from the Department of Health involved in the determination of the presence of alcohol or drugs, as well as other state, local and county officials, will be subject to being called as witnesses in a potentially burdensome number of court cases.
Very truly yours,
PAUL L. DOUGLAS Attorney General
Henry M. Grether, III Assistant Attorney General