William **BROOKS**, Plaintiff,

v.

Alva **MOSS**, Defendant.

Civ. A. No. 4360.

United States District Court
W. D. South Carolina,
Greenville Division.

June 16, 1965.

Sol E. Abrams, Greenville, S. C., for plaintiff.

No appearance for defendant.

SIMONS, District Judge.

This is an action pursuant to Title 42, Section 1981 et seq., of the United States Code.

The plaintiff commenced the action by service of a complaint upon the defendant on June 18, 1963, alleging that on January 9, 1963 the plaintiff was driving his pick-up truck in the City of Whitmire, County of Newberry, State of South Carolina, when the defendant, who is a duly appointed Magistrate's Constable under the Laws of South Carolina, stopped the plaintiff's vehicle and assaulted the plaintiff, without just cause or excuse, and struck said plaintiff on the head with a blackjack, thereby inflicting grievous and painful injuries upon the plaintiff; that said defendant acting under the color of his official capacity, did wrongfully arrest the plaintiff on three charges of criminal violation which were wholly unfounded and perpetuated by the defendant to conceal the unlawful attack upon the plaintiff; that the plaintiff was tried on the alleged charges without a jury and acquitted on all three charges; that due to the unlawful arrest and detention under color of State Law, the plaintiff was deprived of his rights, privileges and immunities secured by the United States Constitution in violation of the aforesaid Section of the Civil Rights Act, all to his damage in the amount of Twenty Thousand ($20,000.00) Dollars.

Mr. Robert C. Lake, Jr., of Whitmire, South Carolina, notified counsel for the plaintiff, Mr. Sol E. Abrams, of the Greenville South Carolina Bar, that he represented the defendant and an extension of time was granted by the Honorable J. Robert Martin, Jr., United States District Judge; however, no answer was ever filed and Mr. Lake petitioned this Court for withdrawal as counsel for the defendant. Said petition was

granted and copies served upon the interested parties on March 30, 1965.

Pursuant to the statutory requirement, a notice of application for default judgment was served personally upon the defendant on March 20, 1965. The defendant made no response to the notice served upon him and was adjudged by the Court to be in default.

The matter was heard before this Court, without a jury. The plaintiff testified as to the assault upon him by defendant and the adverse effect it had upon him in that he sustained a scar on his forehead, was caused to lose time from his work, and his memory and mental function has been impaired; that the attack upon him was without just cause or excuse and that he was compelled to flee from the scene in order to avoid further abuse and injury.

Mr. William Yarborough was in the plaintiff's truck at the time of the attack upon the plaintiff and corroborated the plaintiff's testimony in reference to the unwarranted attack upon him.

The plaintiff's wife, Mary Brooks, also testified in the matter and related the plaintiff's condition immediately after the attack upon him and stated that plaintiff's memory has been definitely impaired.

Records containing the testimony of the three criminal charges placed against the plaintiff and the trial therefor were introduced into and made a part of the record in this trial.

Therefore, based upon all the evidence in the case, the Court makes the following:

### FINDINGS OF FACT

1. That the plaintiff was at the commencement of the action a resident of the State of South Carolina, County of Newberry; however, at the time of the trial, he had moved his residence to Greenville County in the State of South Carolina; that the defendant is a resident of Newberry County, State of South Carolina; that the Court has jurisdiction of the parties and the subject matter of this action by virtue of Title 42, Section 1981 et seq., of the United States Code.

2. That on January 9, 1963, the plaintiff was attacked by the defendant under the color of State Law, without just cause or excuse, and deprived of the protection and due process of law afforded all citizens by the United States Constitution and the aforesaid Civil Rights Act.

3. That as a direct and proximate result of the aforesaid attack, the plaintiff received a serious blow to his forehead requiring medical care and attention, which caused plaintiff to be absent from his employment.

4. That as a direct and proximate result of the aforesaid attack, the plaintiff was deprived of his rights as a citizen and required to expend sums of money for bonds and attorney's fees in order to exonerate himself from the false charges placed against him.

5. That the plaintiff was acquitted of all charges placed against him by the defendant.

Based upon the foregoing Findings of Fact, the Court makes the following:

### CONCLUSIONS OF LAW

1. That this case is controlled by the Civil Rights Act, Title 42, Section 1981 et seq., of the United States Code.

2. That the defendant is in default in this matter.

3. That the arrest, detention, prosecution and attack of the plaintiff by the defendant was under color of State Law and was without merit in fact or law.

4. That the defendant violated the plaintiff's civil right as set forth in the aforesaid title and inflicted personal injuries and damages upon the plaintiff without just cause or excuse.

5. That the plaintiff is entitled to recover actual damages in the amount of $3500.00 and punitive damages in the amount of $500.00 and the costs of this action.