Marjorie GOODMAN, Plaintiff,

v.

**INTERNATIONAL BUSINESS MA-CHINE CORPORATION, a corpora-tion, a/k/a IBM, Defendant.**

No. 72 C 3007.

United States District Court,
N. D. Illinois, E. D.

April 9, 1973.

Melvin S. Cahan, Chicago, Ill., for plaintiff.

Michel A. Coccia, Baker & McKenzie, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

BAUER, District Judge.

This cause comes on plaintiff's motion to compel discovery pursuant to Rule 37 of the Federal Rules of Civil Procedure. Jurisdiction of the action, a personal injury claim, is alleged to be founded upon 28 U.S.C. § 1332. The amount in controversy allegedly exceeds the sum or value of $10,000, exclusive of interest and costs.

Defendant has objected on various grounds to certain interrogatories

propounded by plaintiff. Plaintiff responds by moving this Court to strike defendant's objections and to compel answers to the interrogatories. The first of the contested interrogatories reads as follows:

"15. Why did the material fall from or above Defendant's property onto North State on December 3, 1970?"

Although defendant's objection states that this interrogatory "invades the province of the jury in seeking the defendant's conclusion on a material question of fact," the pertinent portion of Rule 33(b), F.R.Civ.P. states that

"[a]n interrogatory otherwise proper is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact. . . ."

Moreover, the Court notes that an interrogatory which requested a defendant to state in detail how the accident occurred has been upheld. Coyne v. Monongahela Connecting R. R. Co., D.C., 24 F.R.D. 357, 359. This Court concludes that plaintiff's Interrogatory No. 15 would be proper if it were amended to read as follows:

"15. How, if you know, did the material fall from or above Defendant's property onto North State on December 3, 1970?"

■■■ Defendant's next objection is to Interrogatory No. 17, which begins by asking,

"17. Has any person or entity made a claim against you or your insurer arising from the falling of material onto State Street on December 3, 1970? . . ."

The interrogatory continues by requesting detailed information regarding any such claim. Although defendant's objection here is that the information requested is irrelevant to the issues raised in this suit, plaintiff contends that Rule 26(b)(1), F.R.Civ.P., permits the discovery of *any* matter reasonably calculated to lead to the discovery of admissible evidence. However, the sentence of Rule 26(b)(1) to which plaintiff refers states only that

"[i]t is no ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence."

The Court is aware of no authority permitting interrogatories which seek information not relevant to the subject matter of the litigation. It is evident from a reading of Rule 26(b)(1) in its entirety that the sentence above quoted was inserted in the Rule as a clarification of the sentence providing for "discovery regarding any matter, not privileged, *which is relevant to the subject matter* involved in the pending action. . . ." (emphasis added). Thus, information which is relevant is discoverable even though it may not be admissible at trial. Accordingly, plaintiff's contentions are without merit, and the interrogatory should be stricken as irrelevant.

With respect to the remaining interrogatories to which defendant has objected (Nos. 23, 24, and 25), this Court finds no fault with the substantive requests therein. Although defendant has objected that these interrogatories are improper in form, it has provided this Court with no basis for that contention. Therefore, the Court concludes that defendant's objections to these interrogatories should be overruled.

■ Finally, the Court notes that the respective parties have indicated no attempt to resolve their differences with regard to these interrogatories by a conference required by Rule 12(d) of the local rules. Although the Court will this time make a determination on an unbriefed motion unsupported by the required conference, it is expected that in the future the parties will reconcile their discovery problems to the best of

their ability prior to bringing a matter before the Court. The Court therefore concludes that no expenses should be awarded to either party under the instant motion.

Accordingly, it is hereby ordered

(1) that defendant shall answer Interrogatory No. 15; provided, however, that such interrogatory is amended by substituting the words "How, if you know" in place of the word "Why" in the original form;

(2) that defendant's objection to Interrogatory No. 17 is sustained;

(3) that defendant shall answer Interrogatories Nos. 23, 24, and 25 as originally propounded; and

(4) that plaintiff and defendant each shall bear his own expenses under the instant motion.