Charles MILLER, an Individual,
Plaintiff,

v.

DOCTOR'S GENERAL HOSPITAL, a
Benevolent Corporation, Defendant.

No. CIV–76–0873–D.

United States District Court,
W. D. Oklahoma.

Aug. 17, 1977.

Robert A. Forbes, Jr., Oklahoma City, Okl., for plaintiff.

Thomas R. Beech, Houston, Tex., for defendant.

## ORDER

DAUGHERTY, Chief Judge.

Plaintiff brings this action for compensatory and punitive damages pursuant to 42 U.S.C. § 1981.[1] He alleges that the discharge of Plaintiff by Defendant constituted racial discrimination in employment. The matter is now before the Court with regard to Plaintiff's Motion to Compel Answers to Interrogatories and the determination of Plaintiff's right to a trial by jury of this action. The Court shall treat these matters separately.

## MOTION TO COMPEL

Plaintiff has filed herein a Motion to Compel Answers to Interrogatories. Pursuant to Local Court Rule 13(d),[2] Plaintiff

---

1. This section provides:

   "*Equal rights under the law*

   All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punish-

ment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other."

2. Local Court Rule 13(d) provides:

   "*Conference of Attorneys with Respect to Motions and Objections Relating to Discovery.* With respect to all motions and objections relating to discovery and production of documents pursuant to Rules 26 through 37, Federal Rules of Civil Procedure, this Court shall hereafter refuse to hear any such

states that he has attempted to resolve the discovery dispute with counsel for Defendant prior to the submission of the instant Motion.

In this Motion, Plaintiff appears to contend that Defendant's answers to Plaintiff's Interrogatories Nos. 2, 3, 4, 5, 6, 7, 8, 9, 12, 13, and 14 are incomplete and insufficient.

Interrogatories Nos. 2, 3, 4, 5, 6, 7, 8, 9, and 13 seek information concerning complaints filed against Defendant with either the United States government or the State of Oklahoma. By these interrogatories, Plaintiff seeks information regarding any complaints alleging racial discrimination against Defendant that have been filed with either a federal or state agency (Interrogatory No. 2); the number of complaints that have been filed, the agency where each complaint was filed, and the identifying case number of each complaint (Interrogatory No. 3); the names, addresses, and telephone numbers of the complainants involved in these previous complaints (Interrogatory No. 4); any ruling by a federal or state agency finding a discriminatory employment practice by Defendant (Interrogatory No. 5); the agency, complainant, and identifying number of those complaints in which a ruling of employment discrimination by Defendant has been rendered (Interrogatory No. 6); whether there has ever been a settlement in which Defendant has paid a cash sum to a complainant to dismiss a complaint of employment discrimination (Interrogatory No. 7); whether there have been other lawsuits filed against Defendant for alleged employment discrimination (Interrogatory No. 8); and the style of the lawsuit, case number, and court wherein

any other lawsuit has been filed (Interrogatory No. 9). Interrogatory No. 13 requests that Defendant attach copies of any complaints, lawsuits, or other proceedings referred to in its answers to Interrogatories Nos. 2 through 9. To each of these interrogatories, Defendant has responded with the identical answer, i. e.:

"Defendant objects to answering Question . . . because it seeks to elicit information that is irrelevant to the resolution of the issues presented by the instant case."

Interrogatory No. 12 asks the Defendant to divulge the illness for which a particular patient of Defendant was hospitalized and the symptoms of that patient's illness. Defendant objects to this Interrogatory on the grounds that it seeks to elicit privileged information and seeks medical information which Defendant is not qualified to give.

Interrogatory No. 14 asks the Defendant to state its net worth and attach a current financial statement indicating its net worth and the manner in which the net worth was determined. Defendant objects to answering this Interrogatory on the ground of irrelevancy.

Rule 26(b)(1), Federal Rules of Civil Procedure,[3] provides, in part, that discovery may be obtained "regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action". Relevancy is broadly construed at the discovery stage of litigation and a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the

motion or objection unless counsel for the movant shall first advise the Court in writing that he has conferred in good faith with opposing counsel, but that, after sincere attempts to resolve differences have been made, they are unable to reach an accord."

**3.** Rule 26, *supra*, provides in part:

"(b) *Scope of Discovery.* Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows:

(1) *In General.* Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter in-

volved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence."

subject matter of the action. *Biliske v. American Live Stock Insurance Co.*, 73 F.R.D. 124 (W.D.Okl.1977); *Detweiler Bros., Inc. v. John Graham & Co.*, 412 F.Supp. 416 (E.D.Wash.1976); *United States v. International Business Machines Corp.*, 66 F.R.D. 215 (S.D.N.Y.1974). Discovery rules are to be accorded a broad and liberal treatment. *Schlagenhauf v. Holder*, 379 U.S. 104, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964); *Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947). Discovery should ordinarily be allowed under the concept of relevancy unless it is clear that the information sought can have no possible bearing upon the subject matter of the action. *Marshall v. Electric Hose and Rubber Co.*, 68 F.R.D. 287 (D.Del.1975). The scope of examination by interrogatories should not be curtailed unless the information sought is clearly irrelevant. *Felix A. Thillet, Inc. v. Kelly-Springfield Tire Co.*, 41 F.R.D. 55 (D.P.R.1966).

■ However, though the scope of discovery is broad, it is not unlimited. *Shaver v. Yacht Outward Bound*, 71 F.R.D. 561 (N.D.Ill.1976); *Hecht v. Pro-Football, Inc.*, 46 F.R.D. 605 (D.D.C.1969). The basic positive touchstone is relevance, including the reasonable possibility that the information sought would lead to admissible evidence. *Hawes v. C. E. Cook & Co.*, 64 F.R.D. 22 (W.D.Mich.1974). In the instant case, Plaintiff has failed to specify in his Motion to Compel how the information requested in Interrogatories Nos. 2 through 9 and Interrogatory No. 13 would be relevant to the issues involved in this lawsuit. As the Court fails to see the relevance of the information sought therein to this action,[4] the objections raised by Defendant to these interrogatories should be sustained. Accordingly, Plaintiff's Motion to Compel should be overruled as to Interrogatories Nos. 2, 3, 4, 5, 6, 7, 8, 9, and 13.

■ Defendant objects to answering Interrogatory No. 12 on the grounds that it seeks information which is privileged and which Defendant is not qualified to give. The Defendant, as the party objecting to discovery, must raise the objection in the first instance and has the burden of establishing the existence of the privilege. *Biliske v. American Live Stock Insurance Co., supra; Lincoln American Corp. v. Bryden*, 375 F.Supp. 109 (D.Kan.1973); *International Telephone & Telegraph Corp. v. United Telephone Co. of Florida*, 60 F.R.D. 177 (M.D.Fla.1973). In the instant case, though Defendant claims that the information requested in Interrogatory No. 12 is privileged, it makes no showing that such information is entitled to a privilege under federal or state law. Defendant's bald assertion that production of the requested information would violate a privilege is not enough. The Court will not be persuaded that the information sought is privileged until some facts have been alleged. *Biliske v. American Live Stock Insurance Co., supra; Camco, Incorporated v. Baker Oil Tools, Inc.*, 45 F.R.D. 384 (S.D.Tex.1968); *Payer, Hewitt & Co. v. Bellanca*, 26 F.R.D. 219 (D.Del.1960).

---

**4.** *See Goodman v. International Business Machine Corp.*, 59 F.R.D. 278 (N.D.Ill.1973); *Hicks v. Crown Zellerbach Corp.*, 49 F.R.D. 184 (E.D. La.1968); *Wood v. McCullough*, 45 F.R.D. 41 (S.D.N.Y.1968).

In *Goodman*, a personal injury action, it was held that an interrogatory to the defendant as to whether "any person or entity made a claim against you or your insurer arising from the falling of material onto State Street on December 3, 1970" would be stricken as irrelevant, notwithstanding the contention that discovery was permitted of any matter reasonably calculated to discovery of admissible evidence.

In *Hicks*, a civil rights action brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., the defendant sought information from the plaintiff concerning several charges plaintiff filed with the Equal Employment Opportunity Commission (EEOC). The court in *Hicks* noted that the basis for the suit was a charge filed with the EEOC on March 16, 1966 and stated that "[t]herefore, no purpose can be served by an inquiry into the nature of any previous or subsequent charges since the March 16 charge is properly filed regardless of the substance of any other charges." The court determined that such information was irrelevant and denied discovery as to the other charges.

In *Wood*, a medical malpractice action, the court held that interrogatories asking doctors about other legal proceedings instituted by or against them were not relevant to issues involved in that malpractice action against the doctors.

■ Defendant further objects to Interrogatory No. 12 on the ground that the interrogatory seeks medical information which Defendant is not qualified to give. This is an insufficient answer. Rule 33, Federal Rules of Civil Procedure, provides for the answering of interrogatories "separately and fully in writing under oath, unless it is objected to, in which event the reasons for objection shall be stated in lieu of an answer." In the interest of narrowing the issues and ascertaining the facts relevant thereto, the Court should not permit answers to interrogatories that are incomplete, inexplicit and unresponsive. *See Thomason v. Leiter,* 52 F.R.D. 290 (M.D. Ala.1971); *Robinson v. Jordan,* 27 F.R.D. 493 (D.Mass.1961); *Cardox Corp. v. Olin Mathieson Chemical Corp.,* 23 F.R.D. 27 (S.D.Ill.1958). The answers to interrogatories must be responsive, full, complete and unevasive. The answering party cannot limit his answers to matters within his own knowledge and ignore information immediately available to him or under his control. *N.L.R.B. v. Rockwell-Standard Corp., Transmission & Axle Division, Forge Division,* 410 F.2d 953 (Sixth Cir. 1969); *Olmert v. Nelson,* 60 F.R.D. 369 (D.D.C.1973); *Pilling v. General Motors Corp.,* 45 F.R.D. 366 (D.Utah 1968). If an appropriate interrogatory is propounded, the answering party will be required to give the information available to him, if any, through his attorney, investigators employed by him or on his behalf or other agents or representatives, whether personally known to the answering party or not. *Wycoff v. Nichols,* 32 F.R.D. 370 (W.D.Mo.1963); *see General Dynamics Corp. v. Selb Manufacturing Co.,* 481 F.2d 1204 (Eighth Cir. 1973), *cert. denied,* 414 U.S. 1162, 94 S.Ct. 926, 39 L.Ed.2d 116 (1974). If the answering party lacks necessary information to make a full, fair and specific answer to an interrogatory, it should so state under oath and should set forth in detail the efforts made to obtain the information. *International Fertilizer & Chemical Corp. v. Brasileiro,* 21 F.R.D. 193 (S.D.N.Y.1957). Defendant's conclusory statement that Interrogatory No. 12 seeks medical information which Defendant is not qualified to give is not a sufficient response. Plaintiff's Motion to Compel Answers to Interrogatories should be sustained as it relates to Interrogatory No. 12 and Defendant is directed to further answer the same.

■ Plaintiff's Interrogatory No. 14 asks the Defendant to state its net worth and to attach to its Answer to this interrogatory a current financial statement indicating its net worth and how such worth was determined. Defendant responds that it "objects to answering Question 14 because it seeks to elicit information that is irrelevant to the resolution of the issues presented by the instant case." In this action, Plaintiff seeks to recover both compensatory and punitive damages from the Defendant.[5] Where punitive damages are claimed, it has been generally held that the Defendant's financial condition is relevant to the subject matter of the action and is thus a proper subject of pretrial discovery. *See Vollert v. Summa Corp.,* 389 F.Supp. 1348 (D.Haw.1975); *Holliman v. Redman Development Corp.,* 61 F.R.D. 488 (D.S.C.1973); annot., 27 A.L.R.3d 1375 (1969) ("Pretrial Discovery of Defendant's Financial Worth on Issue of Damages") and the cases cited therein. Plaintiff's Motion to Compel should therefore be sustained as to Interrogatory No. 14 and Defendant is directed to further answer the same. However, as Defendant is not required to attach copies of documents or tangible things to its answer to an interrogatory,[6] that portion of

5. An individual who establishes a cause of action under 42 U.S.C. § 1981 is entitled to both equitable and legal relief, including compensatory and, under certain circumstances, punitive damages. *Johnson v. Railway Express Agency, Inc.,* 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975).

6. Plaintiff brings the instant Motion to Compel Defendant to answer interrogatories that were asked of Defendant pursuant to Rule 33, Federal Rules of Civil Procedure. Rule 33, *supra,* may not be used to bypass Rule 34, *supra.* Copies of documents and tangible things must be obtained by Rule 34 rather than requesting them in connection with interrogatories.

Plaintiff's Motion to Compel that seeks to compel Defendant to attach a current financial statement to its Answer to Interrogatory No. 14 should be overruled.

## RIGHT TO JURY TRIAL

In accordance with Rule 38(b),[7] Federal Rules of Civil Procedure, and Local Court Rule 11,[8] Plaintiff has made a demand for trial by jury. At the Court's request, the parties have submitted briefs with regard to Plaintiff's right to a jury trial in this action brought pursuant to 42 U.S.C. § 1981.

Plaintiff maintains that he is entitled to a jury trial as he is seeking to recover for lost wages, nervous and emotional damage, embarrassment, humiliation, damage to his reputation and punitive damages.

Defendant contends that a civil rights action brought under 42 U.S.C. § 1981 which seeks injunctive relief and restitutionary back pay is a proceeding in equity and that the Seventh Amendment right to a trial by jury is not applicable thereto. Defendant asserts that Plaintiff is seeking equitable, and not legal, restitution for the alleged harmful effects of Defendant's alleged discriminatory action and that Plaintiff's unsupported allegations for compensatory and punitive damages do not alter the unmistakably equitable genre of the instant action. Defendant further claims that even if Plaintiff's requested relief is deemed to be legal in nature, that three Circuits have carved out an exception to the right to a trial by jury in cases involving discharge from employment due to race.[9]

42 U.S.C. § 1981 contains no specific provision for jury trial. The Court must then determine if the instant action brought pursuant to that statute is one in which a trial by jury is authorized under the Seventh Amendment.[10] In *Curtis v. Loether*, 415 U.S. 189, 94 S.Ct. 1005, 39 L.Ed.2d 260 (1974), the Supreme Court stated:

"The Seventh Amendment does apply to actions enforcing statutory rights, and requires a jury trial upon demand, if the statute creates legal rights and remedies, enforceable in an action for damages in the ordinary courts of law."

It thus becomes important to determine if 42 U.S.C. § 1981 creates such legal rights and remedies as are enforceable in an action for damages in the ordinary courts of law. In *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975), the Supreme Court discussed § 1981 and stated:

"An individual who establishes a cause of action under § 1981 is entitled to both equitable and legal relief, including compensatory and, under certain circumstances, punitive damages."

*See Cook v. Advertiser Co.*, 323 F.Supp. 1212, 1213 n. 3 (M.D.Ala.1971), *aff'd on other grounds*, 458 F.2d 1119 (Fifth Cir. 1972),

---

Wright & Miller *Federal Practice and Procedure: Civil* § 2163.

7. Rule 38, *supra*, provides in part:
"Jury Trial of Right
(b) *Demand.* Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue. Such demand may be indorsed upon a pleading of the party."

8. Local Court Rule 11 establishes in part:
"Demand for Jury
(a) Any party may demand a trial by jury in accordance with Rule 38(b) of the Federal Rules of Civil Procedure. The demand may be filed separately or endorsed upon a pleading of the party. If so endorsed, the demand shall be set forth separately, at the end of the pleading."

9. Defendant cites *McFerren v. County Board of Education of Fayette Co., Tenn.*, 455 F.2d 199 (Sixth Cir. 1972); *Harkless v. Sweeny Independent School District*, 427 F.2d 319 (Fifth Cir. 1970); *Smith v. Hampton Training School for Nurses*, 360 F.2d 577 (Fourth Cir. 1966).

10. "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law."

where the District Court set forth that "[i]n an action under § 1981, both compensatory and punitive damages are allowable."

■ The Court agrees with Defendant that a party seeking equitable remedies, to include a claim for back pay, in an action brought pursuant to 42 U.S.C. § 1981 is not entitled to a jury trial. *Booker v. Electrical Workers Union, Local 2021*, 431 F.Supp. 1035, 1037 n. 3 (W.D.Okl.1977). Also, *Lynch v. Pan Am World Airways, Inc.*, 475 F.2d 764 (Fifth Cir. 1973); *Flores v. Local 25, International Brotherhood of Electrical Workers*, 407 F.Supp. 218 (E.D.N.Y.1976); *Williams v. Travenol Laboratories, Inc.*, 344 F.Supp. 163 (N.D.Miss.1972). Accordingly, Plaintiff is not entitled to a trial by jury of his claim in this action for lost wages.

■ However, the Court concludes that Plaintiff's claim in the instant action, to the extent it seeks compensatory and punitive damages, involves rights and remedies of the sort typically enforced in an action at law.[11] Plaintiff is entitled to a trial by jury on these legal claims.[12]

The Court does not agree with Defendant's contention that various Circuits have carved out an exception to the right to a trial by jury in cases involving discharge from employment due to race. An examination of the cases Defendant has cited in support of this proposition (see footnote 9 of this Order) reveals that the courts in those cases determined that a claim for back pay in a civil rights action constitutes an equitable claim and does not entitle the claimant to a jury trial on said claim. This Court has already indicated that a party seeking equitable remedies, to include a claim for back pay, in a 42 U.S.C. § 1981 action is not entitled to a jury trial. *Booker v. Electrical Workers Union, Local 2021, supra.* However, the Court does not interpret the cases cited by Defendant as indicating that the Plaintiff herein, who is seeking legal relief, i. e., compensatory and punitive damages, pursuant to an action under 42 U.S.C. § 1981, does not have a right to trial by jury on his legal claims.

In view of the foregoing, Plaintiff's demand for a jury trial is sustained as it relates to Plaintiff's claims for nervous and emotional damage, embarrassment, humiliation, damage to reputation, and punitive damages. This case will ultimately be placed on the jury docket of this Court in regard to said claims. Plaintiff's demand for a jury trial is overruled as it relates to his claim for lost wages.

It is so ordered this 17th day of August, 1977.

11. The courts in the following cases have indicated that a claimant in an action brought pursuant to 42 U.S.C. § 1981 may be awarded compensatory damages: *Sethy v. Alameda County Water District*, 545 F.2d 1157 (Ninth Cir. 1976) (in this case, the plaintiff's claim for damages was submitted to a jury); *Smith v. Anchor Building Corp.*, 536 F.2d 231 (Eighth Cir. 1976); *Schiff v. Williams*, 519 F.2d 257 (Fifth Cir. 1975); *Tillman v. Wheaton-Haven Recreation Association, Inc.*, 517 F.2d 1141 (Fourth Cir. 1975); *McCrary v. Runyon*, 515 F.2d 1082 (Fourth Cir. 1975), aff'd, 427 U.S. 160, 96 S.Ct. 2586, 49 L.Ed.2d 415 (1976); *Faraca v. Clements*, 506 F.2d 956 (Fifth Cir. 1975), cert. denied, 422 U.S. 1006, 95 S.Ct. 2627, 45 L.Ed.2d 669 (1975); *Walker v. Fox*, 395 F.Supp. 1303 (S.D.Ohio 1975); *Humphrey v. Southwestern Portland Cement Co.*, 369 F.Supp. 832 (W.D.Tex.1973), rev'd on other grounds, 488 F.2d 691 (Fifth Cir. 1974); *Hernandez v. Erlenbusch*, 368 F.Supp. 752 (D.Or.1973); *Gonzales v. Fairfax-Brewster School, Inc.*, 363 F.Supp. 1200 (E.D.Va.1973); *Gaston v. Gibson*, 328 F.Supp. 3 (E.D.Tenn.1969); *Wilson v. Prasse*, 325 F.Supp. 9 (W.D.Pa.1971), aff'd, 463 F.2d 109 (Third Cir. 1972) (jury trial on question of damages); *Cook v. Advertiser Co., supra; Lazard v. Boeing Co.*, 322 F.Supp. 343 (E.D.La. 1971); *Brooks v. Moss*, 242 F.Supp. 531 (W.D. S.C.1965). Contra, *Howard v. Lockheed-Georgia Co.*, 372 F.Supp. 854 (N.D.Ga.1974).

Several courts have also indicated that punitive damages may be awarded in a 42 U.S.C. § 1981 action: *Claiborne v. Illinois Central Railroad*, 401 F.Supp. 1022 (E.D.La.1975); *Tramble v. Converters Ink Co.*, 343 F.Supp. 1350 (N.D.Ill.1972); *Gaston v. Gibson, supra; Wilson v. Prasse, supra; Cook v. Advertiser Co., supra; Brooks v. Moss, supra.*

12. Where equitable and legal claims are joined in the same action and a jury trial is demanded, only the most extraordinary of circumstances can justify a denial of a jury trial on the legal claims. *Van Ermen v. Schmidt*, 374 F.Supp. 1070 (W.D.Wis.1974).