Patricia Ann BUFFINGTON and F.C.
Buffington, Plaintiffs,

v.

The GILLETTE COMPANY and S.T.
Dupont Corporation, Defendants.

No. CIV–78–1369–D.

United States District Court,
W.D. Oklahoma.

June 19, 1980.

Melvin M. Belli, Sr. and Morris Beatus, San Francisco, Cal., Bruce Miller Townsend, Tulsa, Okl., for plaintiffs.

J. Warren Jackman, John F. McCormick, Jr., Tulsa, Okl., for defendants.

## ORDER

DAUGHERTY, District Judge.

This is an action brought by Plaintiffs to recover actual and punitive damages for personal injuries and property damage allegedly sustained by Plaintiffs in a fire on January 1, 1977, caused by a defective "Cricket" disposable butane cigarette lighter manufactured by Defendants. It is asserted that the Court has subject matter jurisdiction of this action by reason of diversity of citizenship and amount in controversy pursuant to 28 U.S.C. § 1332.

Presently before the Court is a "Motion for Order Compelling Discovery" filed herein by Defendant The Gillette Company (Gillette) wherein said Defendant asks the Court to compel Plaintiffs to answer Interrogatories Nos. 1, 2, 3, 15, 16 and 17 of Defendants' "First Interrogatories" filed in this case on October 31, 1979. Said Motion is supported by a Brief, and Plaintiffs and the Intervenor Aetna Insurance Company have filed separate Briefs in opposition to said Motion.

At the outset, the Court notes that Defendant Gillette has not strictly complied with Local Court Rule 13(d) which provides as follows:

*(d) Conference of Attorneys with Respect to Motions and Objections Relating to Discovery.* With respect to all motions and objections relating to discovery and production of documents pursuant to Rules 26 through 37, Federal Rules of Civil Procedure, this Court shall hereafter refuse to hear any such motion or objection unless counsel for the movant shall first advise the Court in writing that he has conferred in good faith with opposing counsel, but that, after sincere attempts to resolve differences have been made, they are unable to reach an accord.

However, as the facts recited by Defendant Gillette in the instant Motion indicate that counsel for said Defendant has apparently conferred with Plaintiffs' counsel concerning the discovery matters presented by the instant Motion and that counsel have been unable to reach an accord, the Court in its discretion will entertain the instant Motion.

 Rule 33(b), Federal Rules of Civil Procedure, provides that interrogatories may relate to any matters which can be inquired into under Rule 26(b), Federal Rules of Civil Procedure. Rule 26(b)(1) provides, in part, that discovery may be obtained "regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." Relevancy is broadly construed at the discovery stage of litigation and a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action. *Miller v. Doctor's General Hospital,* 76 F.R.D. 136 (W.D.Okl. 1977); *Biliske v. American Live Stock Insurance Co.,* 73 F.R.D. 124 (W.D.Okl.1977); *Detweiler Bros. Inc. v. John Graham & Co.,* 412 F.Supp. 416 (E.D.Wash.1976); *United States v. International Business Machines Corp.,* 66 F.R.D. 215 (S.D.N.Y. 1974). Discovery rules are to be accorded a broad and liberal treatment. *Schlagenhauf v. Holder,* 379 U.S. 104, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964); *Hickman v. Taylor,* 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947); *Barnett v. Sears, Roebuck and Co.,* 80 F.R.D. 662 (W.D.Okl.1978); *Miller*

*v. Doctor's General Hospital, supra.* Discovery should ordinarily be allowed under the concept of relevancy unless it is clear that the information sought can have no possible bearing upon the subject matter of the action. *Miller v. Doctor's General Hospital, supra; Marshall v. Electric Hose and Rubber Co.,* 68 F.R.D. 287 (D.Del.1975). The scope of examination by interrogatories should not be curtailed unless the information sought is clearly irrelevant. *Miller v. Doctor's General Hospital, supra; Felix A. Thillet, Inc., v. Kelly-Springfield Tire Co.,* 41 F.R.D. 55 (D.P.R. 1966).

■ However, though the scope of discovery is broad, it is not unlimited. *Barnett v. Sears, Roebuck and Co., supra; Miller v. Doctor's General Hospital, supra; Shaver v. Yacht Outward Bound,* 71 F.R.D. 561 (N.D.Ill.1976); *Hecht v. Pro-Football, Inc.,* 46 F.R.D. 605 (D.D.C.1969). The basic positive touchstone is relevance, including the reasonable possibility that the information sought would lead to admissible evidence. *Miller v. Doctor's General Hospital, supra; Hawes v. C.E. Cook & Co.,* 64 F.R.D. 22 (W.D.Mich.1974).

In the instant case, Defendants' Interrogatories Nos. 1, 2 and 3 and Plaintiffs' responses thereto read as follows:

INTERROGATORY NO. 1:

Please state by brand name each drug received by Plaintiff, Ann Buffington, during the period from January 1, 1975, to December 31, 1976.

ANSWER NO. 1:

Objection. The information sought is not relevant evidence, does not appear reasonably calculated to lead to the discovery of admissible evidence, is privileged, is unreasonably burdensome to compile, and, arguendo, if relevant its probative value is substantially outweighed by the danger of unfair prejudice, the confusion of issues, is misleading to the jury and is a waste of time.

INTERROGATORY NO. 2:

For each drug identified in your answer to Interrogatory No. 1, please state the following:

(a) the daily dosage or quantity of each drug received (approximate if necessary), and;

(b) the period of time each drug was received (approximate if necessary);

(c) the name(s) and address(es) of each person prescribing and/or furnishing the above drugs to Plaintiff Ann Buffington;

(d) the name(s) of each person who administered injectionable drugs to Plaintiff Ann Buffington.

ANSWER NO. 2:

Objection. See objection in Answer No. 1.

INTERROGATORY NO. 3:

State the full name(s) and address(es) of any physician(s) or other person(s) who prescribed and/or furnished any drug(s) to the Plaintiff Ann Buffington during the period January 1, 1975 to December 31, 1976.

ANSWER NO. 3:

Objection. See objection in Answer No. 1.

Similarly, Defendants' Interrogatories Nos. 15, 16 and 17 and Plaintiffs' responses thereto read as follows:

INTERROGATORY NO. 15:

State the name(s) and address(es) of each hospital, whether publicly or privately owned, where Plaintiff Ann Buffington was admitted, treated, diagnosed, or examined, for any reason, during the period January 1, 1975 to December 31, 1976.

ANSWER NO. 15:

Objection. The information sought is not relevant evidence, does not appear reasonably calculated to lead to the discovery of admissible evidence, is privileged, is unreasonably burdensome to compile, and, arguendo, if relevant its probative value is substantially outweighed by the danger of unfair prejudice, the confusion of issues, is misleading to the jury and is a waste of time.

INTERROGATORY NO. 16:

State the date(s) of admission and the date(s) of discharge (approximate if nec-

essary) for each such treatment(s), diagnosis(es), admission(s) or examination(s) set forth in your answer to Interrogatory No. 15.

ANSWER NO. 16:

Objection. See objection to Answer No. 15.

INTERROGATORY NO. 17:

State the full name(s) and address(es) of each physician who examined, treated or rendered any professional service to Plaintiff Ann Buffington during the hospitalizations in the answer to Interrogatory No. 15 above.

ANSWER NO. 17:

Objection. See objection to Answer No. 15.

Defendant Gillette contends herein that the information sought in the foregoing interrogatories is relevant to the physical and mental condition of Plaintiff Patricia Ann Buffington at the time of the fire giving rise to this action and is also relevant to the credibility of said Plaintiff. In this connection, Defendant Gillette maintains that following the deposition testimony of Plaintiff Patricia Ann Buffington, in which she denied using alcohol or being addicted to narcotics or drugs, the following matters were learned through discovery:

1. Only six months prior to the occurrence, Buffington was arrested in Norman, at 3:00 o'clock a.m., for "driving under the influence of drugs." The arresting officer's testimony describes an almost totally incapacitated Buffington (Deposition, Boyd, p. 6)

2. Approximately two weeks prior to the above traffic arrest, Buffington was discovered in her husband's medical office, in the early morning hours, searching for drugs. Again, she was described as under the influence of drugs. (Deposition, Boyd, p. 12)

3. Buffington's medical records at Norman Municipal Hospital, where she received emergency treatment following the occurrence, reflect that both her thighs displayed areas which were "woody hard from multiple injections."

Her treating physician described these as "multiple injection" sites and testified that Plaintiff F.C. Buffington related that "she was taking some Talwin injections." (Deposition, Spector, p. 21)

4. Buffington's records of treatment at the Baptist Memorial Hospital in Oklahoma City establish that on the fourth day following the occurrence, she suffered a severe drug withdrawal syndrome which necessitated institution of a barbiturate withdrawal (reduction) program.

5. The Baptist Hospital records disclose, among other things pertaining to drug usage, that "she has had problems with drug habituation and it was difficult to control her pain" and that "she has been seen by psychiatrists for her nervous difficulties and recently she has been taking Nodulan, three each evening for sleep, as well as frequent injections of Talwin."

Defendant Gillette further contends that the drugs Talwin, Butisol and Nodulan, used by Plaintiff Patricia Ann Buffington as reflected in the medical records, are habituating drugs which can cause mental hallucinataions, distortions and impair physical activity and memory.

■ Based upon the foregoing representations, the Court is not persuaded that the requested discovery is clearly irrelevant to the subject matter of this action or may not lead to admissible evidence. Therefore, the Court determines that Plaintiffs' objections to the interrogatories in question on the basis of relevancy are without merit.

■ With respect to Plaintiffs' claim that the information sought by Defendant Gillette is privileged, the Court notes that Plaintiffs, as the parties objecting to discovery, must raise the objection in the first instance and has the burden of establishing the existence of the privilege. *Biliske v. American Live Stock Insurance Co., supra; Lincoln American Corp. v. Bryden,* 375 F.Supp. 109 (D.Kan.1973); *International Telephone & Telegraph Corp. v. United Telephone Co. of Florida,* 60

F.R.D. 177 (M.D.Fla.1973). Under Rule 501, Federal Rules of Evidence, a federal district court exercising diversity jurisdiction must apply the law of privilege which would be applied by courts of the forum state. *Samuelson v. Susen*, 576 F.2d 546 (Third Cir.1978); *Blackledge v. Martin K. Eby Construction Co.*, 542 F.2d 474 (Eighth Cir.1976); *Union Planters National Bank of Memphis v. ABC Records, Inc.*, 82 F.R.D. 472 (W.D.Tenn.1979); *Petruska v. Johns-Manville*, 83 F.R.D. 32 (E.D.Pa. 1979). However, because evidentiary privileges are in derogation of the search for truth they are not expansively construed. *United States v. Nixon*, 418 U.S. 683, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974); *In re Grand Jury Impaneled January 21, 1975*, 541 F.2d 373 (Third Cir.1976); *Robinson v. Magovern*, 83 F.R.D. 79 (W.D.Pa.1979); *see Herbert v. Lando*, 441 U.S. 153, 99 S.Ct. 1635, 60 L.Ed.2d 115 (1979). In the instant case, the recently adopted Oklahoma Evidence Code, 12 Okla.Stat.Supp.1979 § 2101 *et seq.*, creates the statutory physician-patient privilege upon which Plaintiffs rely herein. *See* 12 Okla.Stat.Supp. 1979 § 2503; *see generally* McKinney, *Privileges*, 32 Okla.L.Rev. 307, 316–324 (1979). However, 12 Okla.Stat.Supp.1979 § 2503(D) establishes several exceptions to a claim of physician-patient privilege, including· § 2503(D)(3) which reads as follows:

> There is no privilege under this Code as to a communication relevant to the physical, mental or emotional condition of the patient in any proceeding in which the patient relies upon that condition as an element of his claim or defense or, after the patient's death, in any proceeding in which any party relies upon the condition as an element of his claim or defense.

The Evidence Subcommittee's Note to § 2503 indicates that § 2503(D)(3) changes prior Oklahoma law pertaining to the timing of the removal of the privilege, "if not the removal of the privilege itself, whenever the privileged matter is relied upon by the patient as an element of claim or defense."

■ Examination of the record before the Court in this case reveals that Plaintiff Patricia Ann Buffington is relying upon her physical and mental condition as an element of her claim in this action. The information sought by Defendant Gillette in the interrogatories in question is clearly relevant to said Plaintiff's condition for the two-year period immediately preceding the accident giving rise to this action. Therefore, the Court determines that the information sought by Defendant Gillette is excepted by § 2503(D)(3) from the statutory physician-patient privilege provided by § 2503 when said privilege is narrowly construed. Accordingly, Plaintiffs' claim of physician-patient privilege in this case is without merit.

Moreover, even if the requested information is privileged, Plaintiffs may have nevertheless waived the same. In this connection, 12 Okla.Stat.Supp.1979 § 2511 provides for the waiver of privilege by voluntary disclosure as follows:

> A person upon whom this Code confers a privilege against disclosure waives the privilege if he or his predecessor voluntarily discloses or consents to disclosure of any significant part of the privileged matter. This section does not apply if the disclosure itself is privileged.

In the instant case, Plaintiffs have voluntarily furnished Defendant Gillette with the hospital records relating to the treatment of Plaintiff Patricia Ann Buffington at the Norman Municipal Hospital and Baptist Memorial Hospital following the accident giving rise to this action. Such records obviously would be a "significant part" of the matters for which Plaintiffs claim physician-patient privilege herein.

Finally, Plaintiffs objected to the requested discovery on the grounds that such information is unreasonably burdensome to compile, is prejudicial, confuses the issues, is misleading to the jury and is a waste of time. However, Plaintiffs have presented nothing to the Court in connection with the instant Motion to support these conclusory objections. Therefore, the Court is unable to conclude on the basis of the record be-

fore it at this time that Plaintiffs' objections are valid.

In view of the foregoing, the Court finds and concludes that Defendant Gillette's "Motion for Order Compelling Discovery" should be granted and Plaintiffs are directed to further answer Interrogatories Nos. 1, 2, 3, 15, 16 and 17 of Defendants' "First Interrogatories" within thirty days of this date.