**Burnard E.L. MALLOY, Plaintiff,**

v.

**WANG LABORATORIES, INC., Defendant.**

Civ. A. No. 81–1206–S.

United States District Court, D. Massachusetts.

July 26, 1982.

Paul A. Manoff, Boston, Mass., for plaintiff.

James W. Nagle, Boston, Mass., for defendant.

## ORDER ON DEFENDANT'S MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS

JOYCE LONDON ALEXANDER, Magistrate.

This matter was referred by Order of Reference. A hearing was held and memoranda of law filed by both parties.

Plaintiff Malloy ("Mr. Malloy") has brought this action pursuant to 42 U.S.C. Sections 1981, 2000e et seq. and under common law, alleging that he was unlawfully discharged from his employment as an Affirmative Action officer by the defendant, Wang Laboratories, Inc. ("Wang") The gravamen of his action is racial discrimination. Mr. Malloy is black.

Defendant Wang brings this motion pursuant to Fed.R.Civ.Proc. 37(a) to obtain an order compelling Mr. Malloy to answer questions at his deposition about any lawsuits and/or charges of employment discrimination that he may have brought against any of his prior employers, including, without limitation, the Massachusetts Commission Against Discrimination ("MCAD"), Action for Boston Community Development, Inc. ("ABCD") and RCA Automated Systems ("RCA"). In addition, Wang moves that the Court order Mr. Malloy or his attorney to pay the expenses that it has incurred in bringing this motion.

The question presented is whether information regarding any other lawsuits and/or employment discrimination charges which plaintiff *may* have filed against any of his prior employers is relevant to the subject matter of this lawsuit, and whether such information is privileged and therefore cannot be discovered by the defendants.

### A. *Relevancy: Defendant's Contentions*

Wang contends that the information is relevant because if such information is available,

1) it *may* be able to establish that Mr. Malloy was terminated or demoted from one or more of his previous positions due to performance deficiencies. Such evidence, defendant contends, is relevant to the question of Mr. Malloy's qualifications for the job at Wang and would rebut Mr. Malloy's contentions that Wang's articulated reasons for terminating him are pretextual. *McDonnell Douglas v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

2) it *may* explain why Mr. Malloy received a favorable reference from his prior employer, RCA. In this regard Wang *speculates* that RCA supplied a favorable reference for Mr. Malloy as part of some settlement agreement.

3) it may produce evidence that Mr. Malloy is so hypersensitive about his race that he has a tendency to consider every criticism or adverse action that is taken against him to be racially motivated.

4) it *might* enable Wang to impeach Mr. Malloy's credibility on the issue of his departure from MCAD, which defendant asserts, "bears heavily on his qualifications for the position at Wang."

Defendant relies on *McKee v. AMAF Industries,* 24 FEP Cases 726 (D.Md.1980), and *EEOC v. First National Bank of Jackson,* 22 FEP Cases 694 (1977), rev'd 614 F.2d 1004 (5th Cir., 1980).

It should be noted that Wang also raises the argument that the information sought should be compelled because it *might* sup-

port Wang's "counterclaim" against Mr. Malloy to recover the expenses, including attorneys' fees, that it will incur defending against Mr. Malloy's suit. This "counterclaim" is based on the holding of *Christianburg Garment Co. v. EEOC,* 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978) that *a prevailing defendant,* in a case brought under Title VII of the Civil Rights Act, is permitted to recover its attorneys' fees by demonstrating that the plaintiff's claim is frivolous, unreasonable and without foundation. It is the opinion of this Court that to use this "counterclaim" to support defendant's contention that the information sought is relevant and should be compelled at this stage of the litigation would be "bootstrapping" of the most egregious sort. The Court finds that this argument veers extremely close to the borders of discovery abuse, and thus discounts the "counterclaim" as providing justification for compelling discovery of this information.[1]

**B.** *Relevancy: Plaintiff's Contentions*

Plaintiff argues that the information sought is irrelevant to the subject matter of the action and is not reasonably calculated to lead to the discovery of admissible evidence, relying on *Miller v. Doctor's General Hospital,* 76 F.R.D. 136 (D.Okl.1977). Plaintiff further argues that matters relative to credibility must be relevant to the subject matter of the action in order to be within the scope of discovery, citing *Wharton v. Lybrand, Ross Brothers & Montgomery,* 41 F.R.D. 177 (E.D.N.Y.1966); *Burns v. Phillips,* 50 F.R.D. 187 (N.D.Ga.1970). If plaintiffs in race discrimination actions may be compelled to disclose any and all prior complaints and/or charges against prior employers, Mr. Malloy argues, they will be "chilled" in their exercise of their rights under Title VII. There is a strong public

policy underlying Title VII which is to encourage persons aggrieved because of race discrimination to seek redress through proper channels. If, by going through channels, they place themselves in jeopardy of having to disclose the entire history of their race relations (or perceptions thereof) with *prior* employers, should they bring a lawsuit against a *particular* employer, it could only inhibit resort to legal redress.

**C.** *Conclusion*

It is the opinion of this Court, after review of the cases and memoranda, that the Motion to Compel should be *Denied.* Defendant Wang has put nothing before this Court to support its contention that Mr. Malloy is either "hypersensitive" or "trigger-happy" other than Wang's "suspicion" that they *might* discover something to support that theory. This is a fishing expedition into irrelevant waters. Wang has searched the dockets of MCAD and ascertained that "someone named Malloy" filed a complaint once against RCA Systems. There is a fuzzy allegation that Mr. Malloy had some problems at MCAD. Counsel for Mr. Malloy asserts that "Mr. Malloy has never filed a court complaint in his life, prior to the institution of this action, involving civil rights allegations" and advises defendant's counsel to check the dockets of the local courts. (See Manoff letter to Benoit, January 20, 1982, Exhibit Three.) Based on the showing made by Wang at this point, this case is totally unlike that of *McKee v. AMAF Industries, supra.* It did not involve pretrial discovery. In fact, the only conclusion this Court can draw from *McKee* (a case standing in splendid isolation) is that Mr. McKee was dismissed for "failure to interface" and given that incomprehensible piece of "pop" jargon

---

**1.** The Court rejects Wang's contention that its counterclaim is meritorious because of "Mr. Malloy's apparently implausible contention that his black supervisor in Wang's affirmative action department, which was established to promote opportunities for minorities and women, decided to terminate him because of his race." The race of Mr. Malloy's supervisor, and the alleged purpose for which the depart-

ment was established, are in no way dispositive on the issue of whether Mr. Malloy was subject to race discrimination when terminated. Supervisors are subject to and responsive to societal and institutional pressures and values, regardless of their race. Departments may fail in their mission or be diverted from their mission.

proferred by AMAF as the grounds for his dismissal, the court apparently concluded that Mr. McKee was dismissed because of personality problems and therefore found it relevant to engage in "psychohistory" of Mr. McKee's race relations vis-a-vis the entire world. Wang's contentions about Mr. Malloy, on the other hand, go directly to his ability to perform his job as an Affirmative Action Officer, i.e., his qualifications.

Both sides concede that there is no law directly on point. There is conflicting law as to whether *plaintiffs can discover from defendants* information regarding complaints of racial discrimination filed by other employees against the same defendant. See *Johnson v. Southern Railway Co.,* 19 EPD Section 9076 (N.D.Ga.1977), *Miller v. Doctor's General Hospital, supra* and cf. *Gray v. International Brotherhood of Electrical Workers,* 10 EPD 10–453 (D.C.Dist. Ct., 1975). It is clear that pursuant to Title VII and case law, the EEOC is not required to turn over to the defendant information concerning employment discrimination charges that the plaintiff has previously filed. *Branch v. Phillips Petroleum Co.,* 638 F.2d 873, 31 F.R.Serv.2d 135 (5th Cir., 1981); 42 U.S.C. 2000e–5(b). However, these decisions are not dispositive of the question of relevancy.[2]

In light of the scant showing by defendant Wang that Mr. Malloy is "hypersensitive" about his race, the fact that Wang brings nothing before the Court to support this contention except two possible instances in which Mr. Malloy may have felt aggrieved or filed charges, and the fact that Wang has made no showing of a nexus between any instances in the past and Mr. Malloy's ability to perform the job for which he was hired at Wang, this Court is not persuaded that Wang should be permitted to divert this action towards information not reasonably calculated to lead to the discovery of admissable evidence.

Defendant's Motion to Compel is hereby *Denied.* This Court finds it unnecessary to reach the issue of whether such information is privileged, as I find the information sought irrelevant on these facts. Both motions for attorney's fees are *Denied.*

---

**2.** The Court does note, however, that the plaintiff in a Title VII action is Congress' chosen instrument to vindicate "a policy that Congress considered of the highest priority," See, for example, *Newman v. Piggie Park Enterprises,* 390 U.S. 400, 402, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263 (1968) and therefore, when plaintiffs act as "private attorney general" they may be entitled to more flexibility with regard to determi- nations of relevance. Also see, *Winfield v. St. Joe Paper Co.,* 15 Fair Empl.Prac.Cas. (BNA) 1497 (N.D.Fla.1977); *Rich v. Martin Marietta Corp.,* 522 F.2d 333, 343–44 (10th Cir. 1975). Defendants, however, warrant no special protection in these actions except to be protected from litigation having no factual or legal basis. *Christiansburg Garment Co. v. EEOC, supra,* at p. 420.