Ralph B. PILLING, Plaintiff,

v.

GENERAL MOTORS CORPORATION,
Defendant.

No. C 116–68.

United States District Court
D. Utah,
Central Division.

Oct. 16, 1968.

Joel M. Allred, of Lewis & Allred, Salt Lake City, Utah, for plaintiff.

Harold G. Christensen of Worsley, Snow & Christensen, Salt Lake City, Utah, for defendant.

## MEMORANDUM DECISION

CHRISTENSEN, District Judge.

This is a suit brought by Ralph B. Pilling, a citizen of the State of Rhode Island, against General Motors Corporation, a Delaware corporation having its principal place of business in the State of Michigan and doing business in the State of Utah. There is no question concerning diversity jurisdiction or venue in this court.

Plaintiff seeks damages in the sum of $200,000 for personal injuries sustained in an automobile collision allegedly caused by mechanical failure resulting from the negligent design and manufacture of the car of a third party which ran into plaintiff's automobile.

The case in its initial stages is before me on the objections of the defendant to the sufficiency of plaintiff's answers to interrogatories. See Fed.R.Civ.P. 33. These interrogatories number some two-hundred and are logically but elaborately classified under numerous divisions and sub-divisions. They call for comprehensive and detailed information on almost every subject that conceivably could be related to the parties' claims and defenses.

The defendant generally objects to the sufficiency of the plaintiff's answers on the ground that they are "incomplete and unresponsive in that said answers to interrogatories do not furnish such information as is available to the plaintiff as required by Rule 33." Upon these grounds objections are also directed specifically to the answers to Interrogatories IX 13, and VII 6, 7, 8, 9 and 10. Plaintiff's answers to Interrogatories VII 5; IX 1 through 9, 14, 15, 20 through 25, 27, 29, 30, 33 through 36, 42 through 46, 53 and 54, are objected to because they are limited "to the personal knowledge of the plaintiff and expressly

or impliedly reserve information possessed by his attorneys, agents, representatives or others acting on his behalf." Defendant objects to plaintiff's answer to Interrogatory XI B 8(c) on the ground that it fails to disclose "such adverse editorials, legal, trade and conventional comments as are known to plaintiff, his agents, representatives or attorneys." The answer to Interrogatory number XI B 13, is objected to because it is in the form of an example and adopts generally prior answers; defendant asserts that it "is entitled to have a specific statement complete within itself and excluding other claims." Plaintiff's answers to Interrogatories XI B 3 through 20; XI C 2, 3, and 4; XI E 1 and 3; XIII 8 and XVII 3 and 11 are objected to because they "are limited to the personal knowledge of the plaintiff and expressly or impliedly reserve information possessed by his attorneys, agents, representatives or others acting on his behalf and are unresponsive and incomplete." Defendant objects to plaintiff's answer to Interrogatory XV 9 because it "did not include the attachments."

When the defendant's objections came before me on oral argument, I called attention to defendant's failure to comply with the rule that "objections to interrogatories, or to the sufficiency of answers to interrogatories, pursuant to Fed.R.Civ.P. 33, shall identify and quote the whole or part of each interrogatory or answer to which objection is made and in the latter case also shall quote or abstract the interrogatory to which the answer in question was given." Handbook of Practice Before Judge A. Sherman Christensen, Rule 4(c), as amended. With the view of expediting progress of the case, however, I waived compliance, rather than overruling the objections summarily with or without prejudice to their renewal in proper form. This has proved to be a mistake.

Such a waiver merely encourages further disregard of the helpful procedure required by the Rule. It rendered almost meaningless the oral discussion, which instead of being anchored to specific problems as revealed by convenient reference to the respective interrogatories, answers and objections in question, was presented in the abstract. It precluded a ruling from the bench because of the impracticality of comparing within a limited time any particular interrogatory with its answer since they were scattered through almost half a hundred pages. It discouraged counsel from reaching agreement regarding the merits of the objections because the necessity of comparing the respective objection, interrogatory and answer involved made discussion difficult. It shifted to the court the burden properly upon counsel of clearly presenting claimed deficiencies in the answers in relation to the questions. The mere mechanical identification of which objections, answers, and interrogatories belonged together was needlessly time consuming and really required as much effort as the actual determination of the sufficiency of the respective answers. And finally, the waiver of the rule in any case unfortunately may promote needless objections by the very ease of making them, or encourage futile resistance to objections by the inconvenience created for opposing counsel in identifying their subject matter.[1]

---

1. It should be noted in passing that the manner of enumeration of the various interrogatories, sub-interrogatories and sub-sub-interrogatories utilized by the defendant contribute more apparently than really to convenience of identification. For instance, the seventeen major classifications of the interrogatories are controlled by Roman numerals, sub-classifications by letters and sub-sub-classifications by Arabic numerals. The identification of the sub-classifications repeat the lettering and numbering under each major classification. To identify a particular sub-classification, it is necessary to locate the beginning of the classification, there being no indication on subsequent pages whether that classification or a new one is be-

■ Rules for the proper presentation of objections to interrogatories or the sufficiency of answers to interrogatories such as my Rule 4(c), supra, are not mere encumbrances but assist substantially both counsel and the court. They should be reasonably complied with and I will expect such compliance in the future.

Now as to the merits of the objections:

The following fundamentals require no citation of authority but must constantly be kept in mind if the self-help philosophy of discovery is to be fostered and excessive preoccupation with discovery matters is to be avoided by the court.

■ Objections and their grounds should be carefully delineated by the objector, and considered carefully by the respondent with a view to voluntarily meeting those with merit; ordinarily, only after good faith effort to agree should these problems be permitted to clog motion calendars.[2]

■ Discovery should be liberally allowed.

■ Discovery is not a one way street.

■ It is no objection to discovery that the questions are searching and detailed so long as they may be expected reasonably to lead to the discovery of relevant information; but excessive complexity or unreasonable burdens are to be avoided.

■ Answers must be responsive, full, complete and unevasive. Insofar as practical they should be complete within themselves. Material outside the answers and their addendum ordinarily should not be incorporated by reference. If information from other answers is incorporated in a particular answer to avoid repetition, references should be specific rather than general.

■ Neither questions nor their answers should be interpreted with excessive rigidity or technicality, but a rule of reason should be applied as to both.

■ If the respondent is unable to answer for lack of information or for other reason he should indicate the reasons rather than ignore the inquiry in whole or in part; if an interrogatory is deemed in good faith to be improper, objection should be timely filed.

■ While the court should favor full and fair disclosure, it has reasonable discretion to, and should through protective orders and other measures, prevent discovery from becoming unjustifiably burdensome or unreasonably complex or technical in the image of common law pleading and contrary to the spirit of the Federal Rules of Civil Procedure.

Turning from these broad governing principles to some specific rules pertinent to the objections in question:

■ In responding to an interrogatory a party cannot unreasonably limit his answer to matters within his own knowledge and ignore information immediately available to him or under his control. An individual party is in no better position than a corporation to claim lack of knowledge if the information reasonably can be secured, whether from his attorney or otherwise. A party cannot refuse to answer interrogatories merely on the ground that the information sought is solely within the knowledge of his attorney. See Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91

---

ing treated. It would be of practical help if all interrogatories were identified seriatim by Arabic numerals from the beginning of the interrogatories to their end. No insertion of headings or sub-headings should disturb the continuous sequence of the numbering of interrogatories.

2. In some districts written local rules of court expressly provide that no discovery problems shall be brought to the attention of the court unless accompanied by a certificate of counsel for the movant that counsel theretofore have met in an effort to resolve the discovery issues to be presented.

L.Ed.2d 451 (1947); 4 J. Moore, Federal Practice ¶ 33.26, at 2403 (2d ed. 1953); id. at 2410; W. Barron and A. Holtzoff, Federal Practice and Procedure § 768, at 329 (C. Wright ed. 1961), and authorities therein compiled.

 Without objecting to an interrogatory on those grounds, a party should not withhold unidentified information called for and immediately available to him under the guise of either privilege or work product generally. The least that can be expected in any event is a responsive and complete answer except as to narrowed, specific and identified aspects claimed to involve privilege or work product, with a reasonable statement of the basis of any such claim.

Accordingly it is Ordered:

Defendant's objection to the sufficiency of the answers generally is overruled. In general, they are responsive, specific, and reasonably complete.

The objection to plaintiff's answer to Interrogatory IX 13 is overruled since the answer seems responsive and appears uncertain only to the extent that the memory of the plaintiff is indicated as uncertain.

The objections to the answers to Interrogatory VII 6, 7, 8, 9 and 10, are sustained in view of the obvious purport of the interrogatories.

The objections to the answers to Interrogatories VII 5, IX 1 through 9, 14 and 15, 20 through 25, 27, 29, 30, 33 through 36, 42 through 46, 53 and 54; XI B 3 through 20, XI C 2, 3 and 4, IX E 1 and 3; XIII 8 and XVII, 3 and 11 are sustained, since the answers appear to exclude information readily available to or under the control of the plaintiff through his attorneys, agents, representatives or others acting on his behalf.

The objection to the sufficiency of the answer to Interrogatory XI B 8(c) is sustained on the ground that while the listing of details concerning every such publication could be unreasonable, the specification of representative publications, if any, and the general description of such other publications, if any, would not be.

The objection to the sufficiency of the answer to Interrogatory XI B 13 is sustained because, except for a partial illustration, the information is incorporated by general reference to other "answers" without specification as to which.

The objection to the sufficiency of the answer to Interrogatory XV 9 is overruled. This interrogatory may have been objectionable in the first instance as calling for the production of documents without a showing of good cause rather than for information; but no objection having been made and the plaintiff having tendered the documents as part of its answer, the answer should be completed in accordance with the tender.

Plaintiff is allowed 20 days from date hereof to file further answers in harmony with the views herein expressed.