*201 ORDER (Denial of Contempt Motion)
TODD R. MATHA, Chief Judge.
INTRODUCTION
The Court must determine whether to hold the respondent in contempt of court for allegedly failing to provide discovery responses, thereby violating an order of the Court. The Court holds that the respondent has exhibited a reasonable and diligent effort to respond when viewed against the backdrop of applicable discovery rules. The analysis of the Court fol-' lows below.
PROCEDURAL HISTORY
The Court recounts the procedural history in significant detail within a previous judgment. Order (Denying Petitioner’s Reg. for Costs & Fees), CV 05-105 (HCN Tr. Ct., Aug. 7, 2006) at 1-3. For purposes of this decision, the Court notes that it amended the February 15, 2006 Scheduling Order on April 26, 2006, to provide the respondent an extension of time to answer the petitioner’s March 13, 2006 Discovery Requests. Id. at 6; see also Am. Scheduling Order. CV 05-109 (HCN Tr. Ct, Apr. 26, 2006) at 7 (requiring discovery responses “on or before June 9, 2006”). On June 8, 2006, the respondent filed the Answer to First Set of In terrogatories & Request for Documents, which the petitioner regarded as “incomplete and evasive.” Mot. to Compel Disc, Mot. for Relief from Scheduling Order, & Mot. for New Trial Date, CV 05-109 (July 26, 2006), Aff. of Att’y at 2.
On September 13, 2006, the respondent submitted the Stipulation & Order to Revise the Scheduling Order, Set New Defendant [sic] Initial Discovery Response Timeline, Continue Other Matters, & Withdraw Request for Sanctions & Fees, proposing October 13, 2006, as a deadline to respond to the petitioner’s initial discovery request. The respondent subsequently informed the Court on October 30, 2006, that the parties agreed to further extend the deadline to November 10, 2006. Thereafter, neither party corresponded with the Court for over a year and a half, prompting the entry of the May 22, 2008 Order (Conditional Dismissal with Prejudice) The respondent, however, filed the Stipulation & Order (Maintaining in Open Status) on June 5, 2008, which the Court signed on June 10, 2008.
On August 5, 2008, the petitioner filed the Motion to Compel Discovery; Motion for Costs, Fees, & Sanctions; & Motion for Scheduling Conference & to Amend Scheduling Order (hereinafter Second Motion to Compel). In response, the Court issued its August 6, 2008 Order (Motion Hearing) and accompanying Notice(s) of Hearing, informing the parties of the date, time and location of the Motion Hearing. The respondent, however, filed the Stipulation & Order for Continuance on September 5, 2008, wThich the Court signed on September 8, 2008.
The petitioner corresponded with the Court on January 20, 2009, and requested that the Court schedule a hearing to address the outstanding Second Motion to Compel.[1] The Court consequently issued *202 Notice(s) of Hearing on January 27, 2009, informing the parties of the date, time and location of the Status Hearing. Prior to the Hearing, the respondent filed the Response in Opposition to [Second/ Motion to Compel & Scheduling Proposal. The Court convened the Status Hearing on February 23, 2009 at 1:30 p.m. CST. The following parties attended the Hearing:[2] Attorney Joanne Harmon Curry, petitioner’s counsel (by telephone), and Attorney Michael P. Murphy, respondent’s counsel.
On April 2, 2009, the petitioner filed the Motion to Adjudge Defendant [sic] to Be in Contempt of Court & for Costs, Fees, & Sanctions (hereinafter Contempt Motion). See Contempt.1 Ordinance, 2 HCC § 5.5a(()(a); see also Ho-Chimk Nation Rules of Civil Procedure (hereinafter HCN R. Civ. P.), Rule 18. The Court accordingly entered its April 23, 2009 Order (Show Canse) and accompanying Notice(s) of Hearing, informing the parties of the date, time and location of the Show Cause Hearing. Prior to the Hearing, the respondent filed the Response to Plaintiffs [sic] Motion for Contempt, Costs, Fees, & Sanctions (hereinafter Contempt Response). See HCN R. Civ. P. 19(B). The Court convened the Show Cause Hearing on May 13, 2009 at 11:00 a.m. CDT. The following parties attended the Hearing: Attorney Joanne Harmon Curry, petitioner’s counsel; Adam J. Hall, respondent; and Attorney Michael P. Murphy, respondent’s counsel.
APPLICABLE LAW
CONSTITUTION OF THE HO-CHUNK NATION
Art. Ill—Organization of the Government
Sec. 3. Separation of Functions. No branch of the government shall exereise the powers or functions delegated to another branch.
Art. IV—General Council
Sec. 2. Delegation of Authority. The General Council hereby authorizes the legislative branch to make laws and appropriate funds in accordance with Article V. The General Council hereby authorizes the executive branch to enforce the laws and administer funds in accordance with Article VI. The General Council hereby authorizes the judicial branch to interpret and apply the laws and Constitution of the Nation in accordance with Article VII.
Art. V—Legislature
Sec. 2. Powers of the Legislature. The Legislature shall have the power:
(a) To make laws, including codes, ordinances, resolutions, and statutes;
Art. VII—Judiciary
Sec. 7. Powers of the Supreme Court
(b) The Supreme Court shall have the power to establish written rules for the *203 Judiciary, including qualifications to practice before the Ho-Chunk courts, provided such rules are consistent with the laws of the Ho-Chunk Nation.
HO-CHUNK NATION JUDICIARY ESTABLISHMENT & ORGANIZATION ACT, 1 HCC §
Subsec. 5. Rides and, Procedures.
c. The Judiciary shall have exclusive authority and responsibility to employ personnel and to establish written rules and procedures governing the use and operation of the Courts.
d. All matters shall be tried in accordance with the Ho-Chunk Rules of Procedures and the Ho-Chunk Rules of Evidence which shall be written and published by the Supreme Court and made available to the public.
DISCOVERY ACT, 2 HCC § 3
Subsec. 2. Findings.
a. The Nation has an obligation to protect confidential and other essentially private information from public disclosure.
b. Nation has an obligation to protect its members from public scrutiny of private information maintained by the Nation.
c. The Nation has a right to disclose any information maintained by the Nation when required in the best interest of the Nation, the administration of justice, or other applicable law.
Subsec. 3. Purpose and, Intent. This Act prescribes procedures for production or disclosure of any material contained in the files of the Nation, any information relating to material contained in the files of the Nation, or any materials or information acquired by any person while such person is or was an employee of the Nation as a part of the performance of that person’s official duties or because of that person’s official status, in any federal, state and tribal legal proceeding whether or not the Nation is a party, including any proceeding in which the Nation is representing a tribal government or employee, when a subpoena, order, request, or demand of a court or other authority is issued for such material or information.
Subsec. 7. General, Production or Disclosure in Proceedings in which the Nation is a Party.
a. In any proceeding in which the Nation is a party, no past or present official or employee of the Nation shall, by oral or written testimony or any other means, in response to a request or demand, produce or disclose any material contained in the files of the Nation, produce or disclose any information relative to or based upon such material, or produce or disclose any information or any material acquired because of the performance of that person’s employment or official status, without the prior written approval of the Attorney General. This Act shall not be deemed to apply to those cases brought between or among the Legislative, Executive, or Judicial Branches of the Ho-Chunk Nation in the Ho-Chunk Trial Court.
b. Whenever a demand for production or disclosure is made upon a past or present official or employee under this Section, the official or employee shall immediately notify the Attorney General. The Attorney General shall request a copy of the request or demand, summary of the material, information, or testimony sought, and its relevance to the proceeding.
c. The Attorney General may approve any request for production or disclosure within the scope of this Section and subject to Section 8 of this Act; provided, that:
*204 (1) any production or disclosure shall be limited to the scope of the demand or the request; and
(2) the Attorney General shall not approve production or disclosure to any proceeding without such demand or request.
CONTEMPT ORDINANCE, 2 HCC § 5
Subsec. 4. Definitions. As used in this Ordinance, the following shall have the meaning provided here.
b. “Contempt of Court” means any or all of the following:
(2) Disobedience, resistance, or obstruction of the authority, process, or order of the Court.
c. “Punitive Sanction” means a sanction imposed to punish a past contempt of court for the purpose of upholding the authority of the Court, regardless of whether or not the underlying action has ended or is ongoing.
d. “Remedial Sanction” means a sanction imposed for the purpose of terminating an ongoing contempt of Court that is purgeable upon compliance with the process, order, or directive of the Court.
Subsec. 5. Requirements of the Contempt Process.
a. Standing.
(1) A Show Cause Hearing shall be requested upon Motion by any of the following:
(a) A party whose interests are harmed by the alleged contemnor.
b. Prima facie Burden of Proof.
(1) The movant must demonstrate the presence of an otherwise valid process, order, or directive of the Court.
(2) The movant must show that the alleged contemnor had actual or constructive knowledge of the process, order, or directive.
(3) The movant must demonstrate that the authority, process, order, or directive of the Court has been violated by the alleged contemnor through clear and convincing evidence.
(4) The movant need not prove the alleged contemnor’s state of mind.
(5) The Court may establish reasonable findings of fact and conclusions of law from available information only if it is constitutionally capable of doing so.
c. Opportunity to Be Heard.
(2) If the alleged contempt occurs out of the presence of the Court, the presiding Judge or Justice may schedule a Show Cause Hearing to be set at a reasonable date and time in the future in order for the Court to consider available defenses and appropriate punitive or remedial sanctions. Proper notice in accordance with the Nation’s Rules of Civil Procedure shall be provided, although expedited measures may be taken.
d. Burden of Contemnor. Either during the Summary Procedure or at the Show Cause Hearing, the alleged contemnor bears the burden of establishing that he or she should not be held in contempt because:
(1) He or she can demonstrate a reasonable inability to comply;
(2) He or she can show that the underlying order is ambiguous; or
(3) He or she can demonstrate reasonable and diligent efforts of compliance.
Subsec. 6. Authorized Sanct ions.
a. Kinds of Sanctions.
(1) Payment of a sum of money sufficient to compensate a party for a *205 loss or injury suffered as a result of the contempt of Court.
(2) Payment of a sum of money to the Court not to exceed $100 for each day the contempt of Court continues.
(3) An order to designed to redress past disobedience with a prior order of the Court.
(4) An order designed to ensure compliance with an ongoing order of the Court,
(5) Any other appropriate sanction or order if the Court expressly finds that paragraphs (1) thru (4) above, would be ineffective to address, terminate, or otherwise ensure compliance in a past or continuing contempt of court.
HO-CHUNK NATION RULES OF CIVIL PROCEDURE
Ch. I—Introduction to the Rules
Rule 1. Scope of Rules. Constitution of the Ho-Chunk Nation. Art. VII, sec. 7(B) requires that the Supreme Court establish written rules for the Judiciary. These rules, adopted by the Supreme Court, shall govern the procedure of the Trial Court in all actions and proceedings The judges of the Trial Court may look to Ho-Chunk customs and traditions for guidance in applying justice and promoting fairness to parties and witnesses.
Ch. Ill—General Rules for Pleading-
Rule 18. Types of Motions.
Motions are requests directed to the Court and must be in writing except for those made in Court Motions based on factual matters shall be supported by affidavits, references to other documents, testimony, exhibits or other material already in the Court record. Motions based on legal matters shall contain or be supported by a legal memorandum, which states the issues and legal basis relied on by the moving party. The Motions referenced within these rules shall not be considered exhaustive of the Motions available to litigants.
Rule 19. Filing and Responding to Motions.
(B) Responses. A Response to a written Motion must be filed at least one (1) day before the hearing. If no hearing is scheduled, the Response must be filed with the Court and served on the other parties within ten (10) calendar days of the date the Motion was filed. The party filing the Motion must file any Reply within three (3) calendar days.
Ch. V—Discovery
Introduction. Discovery is the process used among parties to uncover evidence relevant to the action, including identity of persons having knowledge of facts. Discovery may take plaee before an action has been filed and may be used for the purpose of preserving testimony or other evidence which might otherwise be unavailable at the time of trial. Discovery may include written interrogatories, depositions, and requests for the production of documents and things. It is the policy of the Court to favor open discovery of relevant material as a way of fostering full knowledge of the facts relevant to a case by all parties. It is the intent of these rules that reasonably open discovery will encourage settlement, promote fairness and further justice.
Rule 32. Interrogatories.
A party may submit interrogatories (written questions) to other parties. The requesting party must receive the responding party’s written answers, under oath, within twenty-five (25) calen *206 dar days of receiving them. The responding party must include facts he/she knows, facts available to him/her, and give opinions, if requested.
Rule 34. Requests for Documents and Things.
A party may request another party to produce any documents or things within his/her possession or control for the purpose of inspection and/or copying. This includes permission to enter onto land for testing. The responding party must make the documents or things available to the requesting party within twenty-five (25) calendar days of the date of receiving the request.
Rule 36. Protective Orders.
For good cause, the Court on its own motion or at the request of any party or witness, may enter an Order to protect a party or other person from undue annoyance, embarrassment, oppression or undue burden or expense.
Rule 37. Non-Compliance.
If a party fails to appear or respond as requested under these rules, a party may request or the Court may sua aponte issue an Order requiring a response and imposing costs, attorney’s fees, and sanctions as justice requires in order to secure compliance.
Rule 38. Power to Com/pel.
The Court retains the inherent authority to compel disclosure of material it has cause to believe is relevant to the matter before it.
Ch. VI—Trials
Rule 42. Scheduling Conference.
Scheduling Order. The Court may enter a scheduling order on the Court’s own motion or on the motion of a party. The Scheduling Order may be modified by motion of a party upon showing of good cause or by leave of the Court.
Rule 44. Presence of Parties and, Witnesses.
(C) Failure to Appear. If any party fails to appear at a hearing or trial for which they received proper notice, the case may be postponed or dismissed, a judgment may be entered against the absent party, or the Court may proceed to hold the hearing or trial.
Ch. VII—Judgments and Orders
Rule 54. Default Judgment.
(A) General. A Default Judgment may be entered against a party who fails to answer if the party was personally served in accordance with Rule 5(C)(Í )(a)(i) or 5(C)(I )(a)(ii) or informed through other means of judicially authorized service such as publication or if a party fails to appear at a hearing, conference or trial for which he/she was given proper notice. A Default Judgment shall not award relief different in kind from, or exceed the amount stated in the request for relief. A Default Judgment may be set aside by the Court only upon a timely showing of good cause.
Rule 56. Dismissal of Action.
(B) Involuntary Dismissal. After an Answer has been filed, a party must file a Motion to Dismiss. A Motion to Dismiss will be granted at the discretion of the Court. A Motion tc Dismiss may be granted for lack of jurisdiction; if there has been no order or other action in a case for six (6) months; if a party substantially fails to comply with these rules; if a party substantially fails to comply with an order of the Court; if a party fails to establish the right to relief following presentation of all evidence up to and including trial; or, if the plaintiff so requests.
*207 FEDERAL RULES OF EVIDENCE [3]
Art. IV—Relevancy and Its Limits
Rule 401. Definition of “Relevant Evidence”.
“Relevant evidence” means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.
Art. V—Privileges
Rule 501. General Rule.
Except as otherwise required by the Constitution of the United States or provided by Act of Congress or in rules prescribed by the Supreme Court pursuant to statutory' authority, the privilege of a witness, person, government, State, or political subdivision thereof shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience. However, in eivil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, person, government, State, or political subdivision thereof shall be determined in accordance with State law.
FINDINGS OF FACT
1. The Court incorporates by reference Findings of Fact 2-3 as enumerated in a prior decision. Order (Denying Petitioner’s Req. for Costs & Fees) at 5.
2. On July 25, 2007, the petitioner served her Second. Discovery Request upon the respondent. Contempt Mot., Aff. of Att’y at 1.
3. On February 23, 2009, the Court issued a directive from the bench, namely: “the Court will require that the respondent comply with the discovery request of the petitioner and offer a response on or before March 20, 2009.” LPER, 01:51:27 CST; see supra note 2.
4. Subsequently, on February 24, 2009, the Court incorporated the preceding directive into a judgment: “Responses to standing discovery requests are due on or before March 20, 2009.” Am. Scheduling Order at 7.
5. On March 20, 2009, the respondent served the Defendant’s [sic] Response to Plaintiff’s [sic] Second Set of Discovery (hereinafter Second Discovery Response) upon the petitioner Contempt Mot, Aff. of Att’y at 2.
6. Despite receipt of the Second Discovery Response, the petitioner regarded the response as “incomplete, evasive, and generally unresponsive” to several interrogatories within the Second Discovery Request. Id.
7. Furthermore, the petitioner regarded two (2) responses for production of documents as inappropriate wherein the respondent asserted that he was “seeking approval from the HCN Attorney General under the Nation’s Discovery Act.” Id. (citing Second Disc. Reap, at 14-15); see also Discovery Act, 2 HCC § 3.3, 7a-c. The petitioner regarded a third response as inappropriate wherein the respondent asserted that “requests have been made to the U.S. Department of Interior, Bureau of Indian Affairs, for information dating back to the Nation’s original submission of revenue allocation plan documents.” Id. (citing Second Disc. Resp. at 16)
*208 8. Finally, the petitioner stated that the respondent failed to respond to two (2) other requests for production of documents wherein he objected on the bases of relevancy and/or materiality. Contempt Mot, Aff. of Att’y at 2 (citing Second Disc. Reap, at 14-15); see also HCN R. Civ. P. Ch. V, Intro.; Fed. R. Evid. 401.
9. The petitioner moves, in part, for contempt of court pursuant to federal rule. Contempt Mot. at 1 (citing Fed.R.Civ.P. 37(b)(2)(B)); bid see Constitution of the Ho-Chunk Nation. Art. VII, § 7(b); HCN Judiciary Establishment & Org. Act, 1 HCC § 1.5c-d; HCN R. Civ. P. 1. Alternatively, the petitioner presents her motion in reliance upon a tribal procedural rule that provides a mechanism for addressing a non-responsive party.[4] Contempt Mot. at 1 (citing HCN R. Civ. P. 37).
10. The respondent asserts that petitioner’s counsel did not confer with his legal counsel in relation to the aforementioned concerns prior to filing the Contempt Motion. Contempt Resp. at 2.
11. At the Show Cause Hearing, the petitioner cites to foreign case law as persuasive authority for the recognition and/or adoption of the following principles:
a.“ ‘Evidentiary privileges . .. interfere with the trial’s search for truth, and must be strictly construed, consistent with the fundamental tenet that the law has the right to every person’s evidence.’” LPER at 5, 11:14:03 CDT (quoting Sands v. Whitnall Sch. Dist., 312 Wis.2d 1, 16-17, 754 N.W.2d 439 (Wis.2008) (citation omitted)); see also Wis. Stat. § 804.01(2)(a) (2008) (permitting discovery of relevant information, provided such information is “not privileged”).
b. “[W]hen interrogatories are served on the government, the person answering them must consult all other government officials who have relevant information.” LPER at 7. 11:22:54 CDT (quoting Trane Co. v. Klutznick, 87 F.R.D. 473, 475 (W.D.Wis.1980) (concerning discovery requests made upon the United States or the President of the United States)); see also Fed. R.Civ.P. 33(b)(1)(B) (2009) (directing “any officer or agent” to “furnish the information available to the [governmental agency] party”).
c. “In responding to an interrogatory a party cannot unreasonably limit his [or her] answer to matters within his [or her] own knowledge and ignore information immediately available to him [or her] or under his [or her] control.” LPER at 8, 11:25:47 CDT (quoting Pilling v. Gen. Motors Corp., 45 F.R.D. 366, 369 (D.Utah 1968) (requiring a discovery response to include information under the control of a party’s attorneys, agents, representatives or others acting on his or her behalf)); see also Fed. R.Civ.P. 34(a)(1) (2009) (acknowledging that discovery extends to “items in the responding party’s possession, custody, or control”).
d. “It is well established that an answer to an interrogatory ‘must be responsive to the question. It should be complete in itself....’” LPER at 9, 11:29:26 CDT (quoting Scaife v. Boenne, 191 F.R.D. 590, 594 (N.D.Ind.2000) (citation omitted)); see also Fed.R.Civ.P. 37(a)(4) (2009) (stating that “an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond”).
*209 e. “Airtex’s answers were evasive and incomplete and appear to have been framed to impede discovery rather than to facilitate it.... [W]hen, as here, the fact that answers to interrogatories are evasive or incomplete[,J answers are tantamount to no answer at all...LPER at 13, 11:50:32 CDT (quoting Airtex Carp. v. Shelley Radiant Ceiling Co., 536 F.2d 145, 155 (7th Cir.1976));[5] see also Fed.R.CivP. 37(a)(4) (2009).
f. “[A]n answer to an interrogatory ‘should not refer to the pleadings, or to depositions or other documents, or to other interrogatories, at least where such reference make it impossible to determine whether an adequate answer has been given without an elaborate comparison of answers.’ ” LPER at 13, 11:53:34 CDT (quoting Scaife, 191 F.R.D. at 594 (citation omitted)); see also Fed.R.CivP. 37(b)(3) (2009) (“Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath.”).
g. “Material outside the answers and their addendum ordinarily should not be incorporated by reference.” LPER at 13, 11:54:08 CDT (quoting Pilling, 45 F.R.D. at 369); see also Fed.R.CivP. 37(b)(3) (2009).
h. “ ‘A general objection that interrogatories are onerous and burdensome and require the party to make research and compile data raises no issue. The objection must make a specific showing of reasons why the interrogatory should not be answered.’ ” LPER at 16, 12:03:42 CDT (citing Sherman Park Cmty. Assoc. v. Wauwatosa Realty Co., 486 F.Supp. 838, 845 (E.D.Wis.1980) (citation omitted)); see also Fed.R.CivP. 33(b)(4) (2009) (“The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure.”).
i. “ ‘[T]he party objecting to ... discovery bears the burden of “showing why discovery should not be permitted.” ’ ” LPER at 16, 12:03:42 CDT (citing Alexander v. FBI, 194 F.R.D. 299, 302 (D.D.C.2000) (citations omitted)); see also Fed.R.CivP. 34(b)(2)(B) (2009) (requiring the expression of an objection “[fjor each item or category” of documents, “including the reasons”).
j. “Before a trial court can impose discovery sanctions ..., the court must find on the part of the noncomplying party willfulness, bad faith, or fault, or ‘persistent dilatory tactics frustrating the judicial practice.’ Once the trial court determines that sanctions are appropriate, ‘the choice of an appropriate discovery sanction is primarily the responsibility of the trial judge.’ ” LPER at 18, 12:08:36 CDT (quoting Morton v. Cont’l Baking Co., 938 P.2d 271, 274 (Utah 1997)) (citations omitted) (involving a plaintiff who requested three (3) delays, thereby increasing the time-frame of the action from approximately six (6) months to three (3) years, and wTho failed to respond to a discovery request despite a subsequent motion to compel and an order requiring responses in ten (10) days to prevent dismissal); see also Utah R. Civ. P. 37(b)(2)(C) (2009) (permitting the entrance of a default judgment against a party that fails to obey an order requiring discovery responses after granting a motion to compel); accord Fed.R.CivP. 37(b)(2)(A)(vi) (2009).
*210 12. Neither the Ho-Chunk Nation Supreme Court nor the Trial Court has ever expressly adopted any of the above-enumerated principles, and such principles are not explicitly incorporated within the applicable procedural rules. HCN R. Civ. P. Ch. V, Intro., 32, 34, 87-38.
DECISION
As reflected above, the petitioner relied heavily upon foreign case law in presenting her Contempt Motion. The Court oftentimes refers to federal, state or other tribal case law when performing its interpretive function, and a litigant’s citation to such authority is not improper, especially if the Court has not previously encountered the matter presented for resolution. In these instances, however, the Court must detect some similarity between the constitutional or statutoiy provisions at issue in a given case and those receiving attention in the foreign courts. A greater degree of similarity will likely yield a greater degree of reliance upon the analysis present in the foreign opinions. To be clear, these judgments do not possess binding authority, and any ability to persuade rests in the thoroughness of the analysis and its relative congruence with Ho-Chunk law or procedure.
The Court can wholly understand the petitioner’s resort to foreign case law in hopes of analogizing between the discovery processes since there is a dearth of tribal case law on our discovery process. In large part, the absence of tribal jurisprudence derives from the fact that parties have rarely litigated discovery issues. Discovery has not proven particularly contentious outside the present case and a single other contemporaneous action, which the Court earlier disclosed to the parties. Status Hr’g (LPER at 6, 01:55:36 CST) (citing Gerald Cleveland, Jr. v. Elliot Garvin et al., CV 08-36 (HCN Tr. Ct., Jan. 6, 2009) (concerning the performance of discovery on non-parties)).
The Ho-Chunk Nation Supreme Court has only tangentially addressed discovery once when it recognized the Trial Court’s discretion “to extend the discovery period to bring forth further facts to render a final judgment.”[6] Regina K. Baldwin et al. v. Ho-Chunk Nation et al., SU 02-01 (HCN S.Ct., Feb. 15, 2002) at 2. The Court had reopened the discovery period to allow the parties to obtain legislative history upon an employment provision. Baldwin, CV 01-16, -19, -21 (HCN Tr. Ct., Jan. 9, 2002) at 32; see also Ronald K. Kirkwood v. Francis Decorah et al., 6 Am. Tribal Law 188, 202-203 (2005) (reopening discovery rather than proceeding to trial). Otherwise, the Supreme Court refrained from ruling upon discovery-related issues on two (2) more occasions in which it de- *211 dined interlocutory appeals. Wayne S. Hanrahan v. Representative Sharyn Whiterabbit et al., SU 04-03 (HCN S.Ct., Apr. 1, 2004); Loa L. Porter v. Chloris Lowe, Jr., SU 96-05 (HCN Tr. Ct., Aug. 19, 1996).
Aside from the foregoing, the Trial Court has directly resolved discovery issues by means of written judgments in just a few cases. The Court required disclosure of certain facts in opposition to the Nation’s assertion of confidentiality in 2001, finding the requested information decidedly non-confidential. The Court continued by noting: “The purpose of the discovery process is to allow the plaintiff to develop her case and determine whether or not she would like to call certain people as witnesses.” Aleksandra Cichowski v. HCN Hotel & Convention Ctr. CV 01-25 (HCN Tr. Ct., June 14, 2001) at 1. In 2002, the Court required the release of the plaintiffs personnel records upon a motion to compel despite such documents’ confidential status under a predecessor version of the Discovery Act. Joseph Decorah v. Ho-Chunk Nation et al., CV 02-47 (HCN Tr. Ct., Oct. 22, 2002). Finally, the Court conditionally required the Nation to respond to an interrogatory,[7] which it had failed to answer. In light of further non-responsiveness to a motion to compel, the Court ruled as follows:
The stated purpose of discovery is to enable the “parties to uncover evidence relevant to the action,” and the Court must ensure that the parties experience “reasonably] open discovery.” HCN R. Civ. P., Ch. V, Intro. The prevailing definition of relevant evidence is exceedingly broad, that being: “evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.” Fed.R.Evid. 401. The plaintiff contends that it formulated its discovery request with the intent of gaining such evidence. If the defendants objected to the scope of the request, then the defendants could have sought a protective order against the resulting “undue burden.” HCN R. Civ. P. 36. Alternatively, the defendants may have possessed the ability to wage an objection on the basis of the Ho-Chunk Nation Discovery Act. Otherwise, the defendants have an obligation to comply with the reasonable discovery' requests of the plaintiff.
Marx. Adver. Agency, Inc. at 6-7.
The quoted paragraph represents the Court’s most lengthy discussion of the discovery process and related expectations, and remains an appropriate guideline. In the instant case, the petitioner requests that the Court hold the respondent in contempt of court for failure to answer the Second Discovery Request. More specifically, the petitioner must establish that the “order, or directive of the Court has been violated by the alleged contemnor through clear and convincing evidence.”[8] Con *212 tempt Ordinance, § 5.5b(3). The relevant order demands as follows: “Responses to standing discovery requests are due on or before March 20, 2009.” Am. Scheduling Order at 7. In this regard, the respondent indisputably served his Second Discovery Response upon the petitioner on March 20, 2009.
The petitioner, however, attacks the sufficiency of the response, and not the fact that she received a timely response. Yet, the applicable rules offer only slight guidance in relation to the sufficiency of a discovery response. Regarding interrogatories, “[t]he responding party must include facts he/she knows, facts available to him/her, and give opinions, if requested.” HCN R. Civ. P. 32. Notably, the procedural rules do not indicate that “an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond.” Fed. R.Civ.P. 37(a)(4) (2009). The Court shall not hold the respondent in contempt of court for allegedly violating a non-existent principle in this jurisdiction.[9] Whether the respondent must further amend his responses poses a separate question, which the Court shall address below.
The preceding federal rule equally applies in the context of document produetion. Rule 37 is entitled, “Failure to Make Disclosures or to Cooperate in Discovery; Sanctions.” Consequently, the Court’s holding extends to encompass the alleged inappropriate responses to the petitioner’s document requests. Furthermore, the Court shall not hold the respondent in contempt for failing to secure documents outside his possession or control. A party responding to a request for production of documents must “produce any documents or things within his/her possession or control.” HCN R. Civ. P. 34.
The petitioner urged the Court to adopt the premise that when discovery requests “are served on the government, the person answering them must consult all other government officials who have relevant information.” Trane Co., 87 at 475. The Court’s adoption of this premise would seem in line with the standing rule, but cited ease law employed this rationale when discovery requests were presented to an agent on behalf of the state or its chief executive officer. In the case at bar, the respondent occupies the position of a division director within the Department of Heritage Preservation and oversees a modest staff. If the petitioner desires to force the production of documents beyond the respondent’s control, then she might *213 consider serving subpoenas upon select non-parties. See Cleveland, CV 08-36 at 7-9.
At the Show Cause Hearing, the Court heard much in the way of alleged insufficiency of the discovery responses. The Court shall not resolve these allegations in the midst of this contempt action. Instead, the Court shall require that the parties, by and through respective counsel, meet in person within thirty days (30) of the issuance of this order. The parties shall conscientiously and diligently endeav- or to definitively address any and all outstanding discovery concerns. The petitioner shall present any unresolved issues to the Court, along with a certificate of counsel that the discussion(s) proved unavailing, if in only some respects, within forty-five (45) days of the issuance of this order unless the petitioner requests a continuance for good cause. See HCN R. Civ. P. 42. The Court shall thereafter convene a hearing to entertain objections, responses and legitimate excuses.
One of the powers which has always been recognized as inherent in courts,[10] which are protected in their existence, their powers and jurisdiction by constitutional provisions, has been the right to control its order of business and to so conduct the same that the rights of all suitors before them may be safeguarded. This power has been recognized as judicial in its nature, and as being a necessary appendage to a court organized to enforce rights and redress wrongs.
Riglander v. Star Co., 98 A.D. 101, 104, 90 N.Y.S. 772 (N.Y.App.Div.1904) (footnote added). The Court employs this strategy pursuant to its inherent judicial authority. The Court strongly urges the parties to work cooperatively in concluding this unfortunately elongated period of discovery.

. The parties neglected “to submit a joint report to the Trial Court by November 1, 2008, updating as to the status ol the case.” Stipulation & Order for Continuance at I.

. At the Hearing, the Court ruled that its September 13, 2006 Order did not relieve the respondent of his obligation to answer the petitioner's July 25, 2007 Second Set of Interrogatories & Requests for Production of Documents (hereinafter Second Discovery Request). Status Hr’g (LPER at 5, Feb. 23, 2009, 01:49:52 CST). The petitioner had not earlier filed this discovery request with the Court, but. procedural rules do not necessarily require such a filing Nonetheless, as a result, the Court ordered the respondent to submit a response on or before March 20, 2009. Id. 01:51:25 CST; see also Am. Scheduling Order, CV 05-109 (HCN Tr. Ct., Feb. 24, 2009) at 7 (noting that “frjesponses to standing discovery requests are due on or before March 20, 2009”), The Court also stated as follows: "To the extent that a response is not forthcoming, the petitioner should note that failure to respond to the Court; the Court would enter an Order (Show Cause); the Show Cause Hearing would be held to deal with the issue of contempt." LPER, 01:52:05 CST.

. The Supreme Court adopted the Federal Rules of Evidence (hereinafter Fed.R.Evid.) for usage in all tribal judicial proceedings. In re Adoption of Fed.R.Evid. (HCN S.Ct., June 5, 1999).

. The petitioner later identified a tribal statutory provision as grounds for issuing a default judgment against the respondent for his failure to adhere to the Court orders. Show Cause Hr'g (LPER at 18, May 13, 2009, 12:11:10 CDT) (citing Contempt Ordinance, § 5.6a(5)).

. The preceding sentence within the appellate decision reads: “Airtex’s answers do not comport with the duty of cooperation and disclosure imposed by the discovery provisions of the federal rules." Airtex Corp., 536 F.2d at 155.

. The Court has commented before on the nature of judicial discretion, which it reiterates below. Gerald Cleveland, Jr. v. Elliot Garvin et al, CV 08-36 (HCN Tr. Ct., Apr. 24, 2009) at 4 n.l. As expressed by the Ninth Circuit Court of Appeals:
"[Djiscretion" is defined as: “The power exercised by courts to determine questions to which no strict rule of law is applicable but which, from their nature, and the circumstances of the case, are controlled by the personal judgment of the court.” Bou-vibr’s Law Dictionary 884 (8th ed.1914). Judicial action—discretionary in that sense— is said to be final and cannot be set aside on appeal except when there is an abuse of discretion.
Delno v. Market St. Ry. Co., 124 F.2d 965, 967 (9th Cir.1942). In this regard, the Ho-Chunk Nation Supreme Court has adopted the following definition of abuse of discretion: “ ‘any unreasonable, unconscionable and arbitrary action taken without proper consideration of facts and law pertaining to the matter submitted.’ ” Daniel Youngthunder, Sr. v. Jonette Petlibone et al., SU 00-05 (HCN S.Ct., July 28, 2000) at 2 (quoting Buck’s Law Dictionary 11 (6th ed.1990)).

. The Court conditioned the response upon the plaintiff overcoming a pending motion to dismiss on the grounds of sovereign immunity from suit. Marx Adver. Agency, Inc. v. Ho-Chunk Nation et al., CV 04-16 (HCN Tr. Ct., Aug. 24, 2004) at 7. The defendants ultimately prevailed upon its asserted defense. Id., CV 04-16 (HCN Tr. Ct., Sept. 10, 2004), aff'd, SU 04-07 (HCN Tr. Ct., Apr. 29, 2005).

. The Seventh Circuit Court of Appeals has offered the following observation in relation to this civil evidentiary standard:
The party with the burden of proof “must have been able to ‘place in the ultimate fact-finder an abiding conviction that the truth of ... [his or her] factual contentions are "highly probable.” ’ " Colorado v. New Mexico, 467 U.S. 310, 317, 104 S.Ct. 2433, 81 L.Ed.2d 247 (1984). This is the Supreme Court's definition of those words so *212 ol'ten and so freely bandied about: clear and convincing evidence.’
Von Gonten v. Research Sys. Corp., 739 F.2d 1264, 1268 (7th Cir.1984); see also Joelene Smith v. Scott Beard et al., SU 00-14 (HCN S.Ct., Mar. 12, 2001) at 1 (acknowledging this standard definition).

. Moreover, the Court considers the requested relief of an entry of default judgment as contrary to the expressed intention of the applicable rules. A respondent may receive a dismissal of a cause of action for a failure of a petitioner to "substantially . .. comply with an order of the Court,” HCN R. Civ. P. 56(B), but a petitioner may not receive a default judgment against a respondent for the same reason, likely because a default judgment entitles one to receive requested relief. Id., Rule 54(A); but see id., Rule 44(C) (giving the Court discretion to enter a dismissal or default judgment for “fail[ure] to appear at a hearing or trial for which they received proper notice”). The Court has historically interpreted the latter rule to allow a dismissal or default judgment when the hearing was convened to entertain a dispositive motion. Also, the Court would deem the catchall provision in the Contempt Ordinance as somewhat illogical authority for granting either a dismissal or default judgment since the Court would have to exhaust all other available options to secure compliance with its orders. Contempt Ordinance, § 5.6a(5).

. “ ‘The inherent powers of . .. courts are those which "are necessary to the exercise of all others.” ' ” Chloris Lowe, Jr. v. HCN Legislature Members Elliot Garvin et al., 5 Am. Tribal Law 160, 173 (2004) (quoting Roadway Express, Inc. v. Piper, 447 U.S. 752, 764, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980) (quoting United States v. Hudson, 7 Cranch 32, 11 U.S. 32, 34, 3 L.Ed. 259 (1812))).